## SUTHERLAND v. CABINESS.

(Court of Civil Appeals of Texas. Austin. April 2, 1912.)

1. APPEAL AND ERROR (§ 544*) — INJUNCTION —STATEMENT OF FACTS—NECESSITY.

Under Acts 31st Leg. (1st Ex. Sess.) c. 34, § 3, providing that it shall not be necessary to brief injunction cases in the Court of Civil Appeals or Supreme Court, and the case may be heard therein on the bill and answer, and such affidavits and evidence as may have been admitted by the judge granting or refusing an injunction, a statement of facts or bill of exceptions need not be filed on appeal from an order denying an injunction, but the Court of Civil Appeals must look to the answer and evidence as well as to the petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426, 2478, 2479; Dec. Dig. § 544.*]

2. APPEAL AND ERROR (§ 934*) — PRESUMPTIONS—SUPPORT OF JUDGMENT.

In the absence of evidence to the contrary in the record, everything must be presumed in favor of the judgment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Suit by John Sutherland against M. W. Cabiness. From a judgment for defendant, plaintiff appeals. Affirmed.

Spivey, Bartlett & Carter, of Marlin, for appellant. Tom Connally, of Marlin, for appellee.

JENKINS, J. Appellant is the owner of a pasture, and uses the same in pasturing stock for hire. He had therein a yearling, which belonged to one Doc Green, and upon which there was due pasturage to the amount of $7.50. Appellee bought this yearling from one Stewart, and went into appellant's pasture, and took possession of the same, and carried it away. Appellant alleges that, when he accosted appellee about this, appellee threatened to enter appellant's premises and carry therefrom, at any time he saw proper, any animal found therein which he, appellee, may have purchased from the owner or claimant thereof, after said animal had been placed in said pasture, and after pasturage had become owing thereon, without regard to the rights which appellant may have to the possession of such animal, by reason of his pasturing the same for the owner, and of fees due thereon for such pasturage, and his lien on such animal or animals. Appellant alleges that such threatened trespass will inflict upon him irreparable injury, and that he has no adequate remedy at law, in that the fees for such pasturage are small, ranging from $1 to $10, and that the cost of enforcing his lien against appellee in attorney's fees alone would exceed the amount of such pasturage. It is not alleged that appellee is insolvent. Appellant prayed for a permanent injunction to restrain appellee from entering his pasture and taking ani-

mals therefrom. Appellee answered that he had purchased said animal, and, finding the same in appellant's inclosure, took possession thereof, and he further answered that he had not threatened to do any injury to any of the property of appellant, and that the only act or word of this character uttered by him consisted in his informing appellant that, in case appellant penned any of appellee's other cattle, he, appellee, would turn them out. Appellee filed general and several special demurrers to appellant's petition. The court entered the following judgment: "On this 24th day of August, 1911, this cause came on for hearing, and thereafter came the parties plaintiff and defendant in person and by their attorneys, and announced ready for trial; and the court, having heard and considered plaintiff's pleadings, is of opinion that the same show no sufficient or equitable grounds for granting the relief prayed for or any part thereof, and gave judgment accordingly, and, the plaintiff having asked leave to offer certain evidence in support of his bill, the court permitted same to be introduced, both by the plaintiff and the defendant; and, after hearing said evidence, the court was of opinion that said evidence was not sufficient to merit a change in his opinion as herein first announced. Wherefore it is considered by the court, and so ordered, adjudged, and decreed, that the plaintiff, John Sutherland, be, and is hereby, denied all and singular any relief herein, and that his bill be, and the same is hereby, dismissed for want of equity appearing therein, to which action of the court plaintiff then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for Third Supreme Judicial District of Texas, and at request of plaintiff," etc.

[1] No statement of facts or bills of exceptions have been filed. It was unnecessary that this should have been done under Act 31st Leg., § 3, p. 354. Said section is, in part, as follows: "It shall not be necessary to brief such causes in the. Court of Civil Appeals or Supreme Court, and the case may be heard in the said courts on the bill and answer, and such affidavits and evidence as may have been admitted by the judge granting, refusing or dissolving such injunction." Perhaps the petition in this case presents a good cause for injunction, upon the ground of threatened trespass upon appellant's property,. and the multiplicity of suits that would be necessary to protect his property, and the·expense that would be incurred in maintaining such suits; but this court must look, not only to the petition itself, but also to the answer and to the evidence in connection therewith.

[2] The record shows that the court heard evidence upon the part both of plaintiff and defendant.. What that evidence was we do not know, as no statement of facts has been filed, but, in the absence of evidence to the contrary, everything must be presumed in favor of the judgment of the court. The testimony might very well have shown that though the allegations of the plaintiff seemed to make a prima facie case, yet, taken in connection with the answer, and as explained by the evidence, the alleged threats made by appellee did not in fact present a good cause for injunction.

In the. absence of a statement of facts, we cannot say that the court erred in its judgment in this case, for which reason the judgment herein is affirmed.

Affirmed.