## KELL MILLING CO. v. BANK OF MIAMI. (No. 655.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1914.)

1. INJUNCTION (§ 118*) — PLEADING — SUFFICIENCY.

The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the elements essential to entitle plaintiff to relief shall be sufficiently certain to negative every reasonable inference from the facts stated, that he might not, under other supposable facts, be entitled to relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

2. JUDGMENT (§ 588*) — CONCLUSIVENESS — MATTERS CONCLUDED—PAYMENT OF JUDGMENT.

An adverse judgment in a proceeding to enjoin an execution against plaintiff and another judgment debtor on the ground that the other judgment debtor had paid the judgment, or that it had been satisfied by the application of his deposit in the judgment creditor's bank, was conclusive as against plaintiff in a subsequent proceeding to enjoin execution on the same ground.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062, 1090; Dec. Dig. § 588.*]

3. APPEAL AND ERROR (§ 522*)—INJUNCTION—STATEMENT OF FACTS—NECESSITY.

Under Rev. Civ. St. 1911, art. 4645, providing that it shall not be necessary to brief injunction cases in the Court of Civil Appeals or the Supreme Court, and that the case may be heard therein on the bill and answer and such affidavits as have been admitted by the judge granting or refusing such injunction, affidavits

properly a part of the petition and answer will come up with the transcript, but, where evidence was introduced, it must in some appropriate way be included in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2367–2371; Dec. Dig. § 522.*]

4. APPEAL AND ERROR (§ 907*)—PRESUMPTION —SUPPORT OF JUDGMENT.

Under such statute, and in the absence of evidence in the record to the contrary, everything must be presumed in favor of the judgment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from Roberts County Court; J. E. Kinney, Judge.

Action for injunction by the Kell Milling Company against the Bank of Miami. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 155 S. W. 325.

J. S. Cook, of Vernon, and Coffee & Dial, of Miami, for appellant. J. A. Holmes, of Miami, for appellee.

HENDRICKS, J. The Kell Milling Company, a corporation, and appellant herein, petitioned the county court of Roberts county, Tex., for a writ of injunction, for the purpose of restraining an execution against it upon a judgment rendered in a former proceeding in a cause entitled Bank of Miami v. Kell Milling Co. et al., in which said bank recovered a judgment against said company and against one S. M. Bird, jointly and severally, for the sum of $857.54, on the 13th day of July, A. D. 1912.

The appellant, Kell Milling Company, exhibits by its petition that about the 1st day of December, A. D. 1913, for value paid, it became the owner by assignment and indorsement of a certain promissory note for $2,051.44; the same having been executed by S. M. Bird and J. M. Rutherford to one McIlhaney, and transferred to said milling company after maturity; and on account of its ownership of the note executed by Bird, and for grounds for restraining the execution of the judgment in favor of the bank, in which Bird and the milling company were judgment debtors, it is alleged by appellant: First, that S. M. Bird was the real owner of the cause of action upon which said judgment was rendered, and the same was in truth and in fact recovered for his own use and benefit; second, that S. M. Bird, since the rendition of said judgment, and prior to the 1st day of December, 1913, has discharged said judgment rendered in said cause; and, third, that said S. M. Bird had on deposit with said bank, or at the disposal of the same, money and securities amply sufficient to discharge and satisfy said judgment and protect the said bank, and that said bank had the legal right to so apply the same, and in fact did apply said funds in full payment and satisfaction thereof, or that said bank

still holds or controls the same for such purpose. The appellant milling company claiming the right to offset the Bird note against the judgment.

The trial court set the case for a hearing upon the question of the issuance of the temporary writ, and after answer had been filed by appellee, the Bank of Miami, the court refused the temporary writ, upon consideration of the petition and answer, and upon the introduction of evidence, stated in the order denying the writ.

Appellant, as stated, pleaded the judgment rendered in favor of the bank against it and S. M. Bird; though alleging that the judgment debtor, Bird, was the real owner of the cause of action, upon which the judgment was rendered, and that the same was recovered for Bird's use and benefit, there is no explanation to the trial court, or to this court, for what reason it is not concluded by the former judgment rendered against it upon the question of the bank's ownership of the very cause of action upon which the judgment was formerly rendered against it and now alleged to be in another; appellant does say it is reliably informed that the cause of action in that suit "was recovered for the use and benefit of Bird," but this allegation is based upon the statement "that S. M. Bird was the real owner of the cause of action upon which said judgment was rendered." Conceding, argumentatively, but not deciding, that one party may recover upon the legal title to a cause of action, the beneficial title being in another, and that if the matter of the real ownership of the cause of action was not litigated, but only presumed, it may thereafter be opened by the injection of an issue as to the real ownership of the judgment, even between the parties to the suit; however, if such an issue had been litigated, the party thereafter asserting the same in another proceeding would clearly be barred.

[1] The Supreme Court said, in the case of Gillis v. Rosenheimer, 64 Tex. 246, in enunciating the general rule upon this subject:

"The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

Also see case of City of Paris v. Sturgeon, 50 Tex. Civ. App. 522, 110 S. W. 459, where the same rule was applied.

The former cause, in which the judgment was rendered, was appealed by the Kell Milling Company to this court and affirmed, 155 S. W. 326. In resorting to the record and the opinion of the court in that cause, we find the very question of the assignment of

a cause of action to the bank by S. M. Bird to have been litigated, and the ownership of the same in the bank for a valuable consideration to have been passed upon and decided against the milling company; said record not resorted to by us for the purpose of asserting the same as a fact to conclude the appellant as to its averment upon the merits, but as an illustration why the appellant, in this character of suit, should conform to the general rule announced by the Supreme Court.

[2] As to the second ground alleged by appellant, to the effect that S. M. Bird had paid off and discharged the judgment to the bank prior to the 1st day of December, 1913, the record discloses (if we could possibly consider the documents for any purpose) that, subsequent to the rendition of the principal judgment, upon the 15th of October, 1913, this same question between the same parties here was litigated upon the merits; the appellant here attempting in that proceeding to enjoin an execution upon the same ground, issued upon the same judgment. Appellant in this cause does not attempt to state when Bird paid the judgment, or render any excuse in the petition why, if Bird paid the judgment subsequent to the 15th of October, 1913, it failed to allege such a subsequent date; there is no proof in the record, except the general allegation of appellant above noted, that the judgment has been paid by Bird at any time, and the milling company is clearly excluded from raising the issue as to the satisfaction of said judgment by Bird to the bank, prior to the 15th day of October, 1913; and appellant is in the same condition as to that part of the third ground in its petition wherein it states that the judgment has been satisfied by the bank applying deposits made by Bird in said bank to the judgment. Appellant knew, if we are able to regard the element of res judicata, in accordance with the documents in the transcript, that this same matter had been litigated previously between it and the bank, and, if the court had such proceedings before him, he was probably impressed by the failure of the milling company in not pleading the former proceeding and avoiding the same by specific averments showing why res judicata did not apply.

It is true that the numerous documents incorporated in this transcript are only shown to have been filed, not shown to have been introduced in evidence or presented to the court or considered by the judge; there is no statement of facts or bills of exceptions in the record, though appellant and appellee, in their briefs, treat the documents as having been introduced in evidence upon the hearing and as having been considered by the court. As stated, the court, upon the hearing, refused the temporary writ, as indicated in the order, upon the petition, the answer, the exceptions, and upon the evidence introduced.

[3] Act 31st Leg. (1st Ex. Sess.) c. 34, § 3 (Rev. St. 1911, art. 4645), excludes the necessity of a brief in the cause by either party, "and the case may be heard in the said courts (Civil Appeals or Supreme Court) on the bill and answer, and such affidavits * * * as may have been admitted by the judge granting, refusing or dissolving such injunction." If affidavits are properly a part of the petition and answer, of course they could come up in the transcript and be considered by us upon the merits as a part of the injunction suit. The trial court, in this instance, set the case for a hearing and refused to grant the writ, deciding the matter upon the petition and answer, the exception, as well as upon the introduction of evidence. Upon hearing, where independent evidence is introduced, there should be some appropriate method pursued in the appeal of the case incorporating into the record and exhibited to this court, that it was the evidence considered by the trial court, for the purpose of passing upon the merits of the cause upon the same data which the lower court passed upon, either in granting or refusing a temporary writ.

[4] Justice Jenkins said, where the appeal was based upon this statute, involving a temporary writ, in the cause of Sutherland v. Cabiness, 146 S. W. 332:

"The record shows that the court heard evidence upon the part both of plaintiff and defendant. What that evidence was we do not know, as no statement of facts has been filed; but, in the absence of evidence to the contrary, everything must be presumed in favor of the judgment of the court. The testimony might very well have shown that, though the allegations of the plaintiff seem to make a prima facie case, yet taken in connection with the answer, and as explained by the evidence, the alleged threats made by appellee did not in fact present a good cause for injunction."

Justice Jenkins further remarking, in the absence of a statement of facts, that they were unable to say that the trial court erred in its judgment.

The decree of the trial court, refusing the temporary writ, will have to be affirmed; and it is so ordered.