SAN ANTONIO & A. P. RY. CO. v. MOSEL et al. (No. 5590.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1915.)

1. RAILROADS ⊜60—DEPOTS—LOCATION.

Rev. St. 1911, art. 6550, relating to the surveys of railroad companies and the location of depot grounds, which declares that a depot, having been designated, shall not be changed, applies only to the construction of new railroads, and does not, where public interest necessitates, preclude the straightening of a railroad or the changing of a passenger depot in a town when for the benefit of the public.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 134, 136; Dec. Dig. ⊜60.]

2. RAILROADS ⊜60 — DEPOTS — CHANGES — BURDEN OF PROOF.

Where a railroad seeks to change its established depot on the ground that it is for public benefit, it has the burden of proving such benefit in an action to restrain such removal.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 134, 136; Dec. Dig. ⊜60.]

3. EVIDENCE ⊜82—RECORD—VERITY.

Where the order granting a temporary injunction recited that the case was submitted on the pleadings, it must be presumed to state the truth, and is binding; no effort being made to correct it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104; Dec. Dig. ⊜82.]

4. INJUNCTION ⊜144 — TEMPORARY INJUNCTION—ISSUANCE.

Where the cause was submitted on the pleadings and there was enough of the petition undenied to warrant temporary injunction, it may be granted, notwithstanding the rule that the court shall not grant an injunction upon a sworn bill and answer without hearing evidence supporting the allegations of the bill.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. ⊜144.]

5. ESTOPPEL ⊜67—EQUITABLE ESTOPPEL.

Where a railroad company, after receiving a conveyance of land which contained no restrictions as to the location of its depot, accepted a deed containing restrictions, placed it on record, and built a depot according to the restriction, it is thereafter estopped to set up the unrecorded conveyance, though its possession of the land was notice of the unrecorded deed; purchasers of other land from the grantor having relied on such conveyance.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 163, 164; Dec. Dig. ⊜67.]

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Action by H. Mosel and others against the San Antonio & Aransas Pass Railway Company. From a decree granting a temporary writ of injunction, defendant appeals. Affirmed.

Boyle & Storey, of San Antonio, for appellant. J. R. Burnett and H. C. Geddie, both of Kerrville, for appellees.

FLY, C. J. This is a second appeal of this case, the cause having been reversed on the former appeal because a general demurrer was sustained to the petition. Mosel v. Railway, 177 S. W. 1048. On the trial, from the result of which the present appeal is prosecuted, the court entered a decree granting a temporary writ of injunction, restraining the removal of appellant's depot from the present location. It was alleged in the petition that a contract was entered into between appellant and the citizens of Kerrville in 1886 for the construction of the railroad to that place; that it was completed in 1887; and that before and at that time the depot was located on the land where it now stands, and appellant admitted the allegations to be true. It also admitted the truth of the allegations that Charles Schreiner made a deed to appellant in 1892 to the land described by appellee, in which deed a part of the consideration was stated to be the maintenance of a depot on the land described and conveyed, and it denied that the land belonging to Schreiner was divided in 1887 into lots by Schreiner, which was not alleged by appellees, the allegation being that it was so divided after the deed was recorded in 1892, and that the appellees bought with the conditions of that deed in view. It was admitted that appellant was about to change the location of its depot, and it was not denied that appellees owned land near the present depot, and that it would be damaged in price by a removal of the depot. It was admitted that appellees were taxpayers and had protested against the change intended by appellant. In fact, every material allegation in appellee's petition was either admitted or not denied. Among other things alleged in the petition was the allegation that it would not be beneficial to the public to move the depot, but that it would be deleterious and damaging to said public. This was denied by appellant, and it was alleged that it would be beneficial to a majority of the people of Kerrville to move the depot, which removal would place the depot nearer the business center of the town.

[1] On the former appeal of this cause it was held that a railroad company could move its depot from one part of a town or city to another location therein, provided it was shown that it was for the benefit of a majority of the inhabitants thereof. It was

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

held in regard to article 6550, Revised Statutes, that it did not apply to the removal of a depot from one location in a town or city to another, and that the only question that could arise in connection with such removal would be whether or not such removal would benefit the general public. Another consideration of the statute in question confirms this court in that view. That article had in view the construction of new railroads, and was intended to remedy the injustice of having routes and depots designated in certain places, and after persons had been induced by such location to make investments by moving to another locality. The designation was to be made before the roadbed was begun, and railroad companies are forbidden to change it after such designation. That law cannot be construed to prevent a straightening of a railroad or the removal of a depot to another spot in a town which would be of greater benefit to its inhabitants. The matter to be remedied was the removal of the general route of a railroad or the change of a depot from one point to another, thereby destroying, not only property valuations, but towns themselves. It cannot be conceived that the location of a depot in a town or city could not be changed under the provisions of that law, no matter how much its present location might discommode the citizens, nor how much they would be benefited by a removal to a more fitting and advantageous site. Moving a depot from one point in a town to another in the same town is not a change of depot grounds within the contemplation of article 6550, and the only burden resting on a railroad company desiring such change would be the production of evidence that would show that the public good would be promoted by such removal.

[2-4] The burden of showing that such removal, or change, of depot would be beneficial to the interests of a majority of the citizens rested on appellant, and it devolved upon it to introduce testimony, showing that it had the right or authority to move its depot. In this case, however, no testimony was submitted, and the record fails to show that any was offered by appellant. On the other hand it is recited in the order or decree of the court:

"On this July 30, 1915, the application of the plaintiffs in the above-stated cause for a temporary injunction, restraining the defendant, San Antonio & Aransas Pass Railway Company, from removing its passenger depot off the depot grounds of said company at Kerrville, was duly heard before the undersigned judge of said court pursuant to due notice, and, having heard and considered the third amended original petition and supplemental petition of plaintiffs and the first amended original answer and supplemental answer of said company as defendant, the matter having been submitted upon said pleadings, and having heard the argument of the respective counsel of the parties, I am of the opinion that the writ should issue as prayed for."

There is not in the record anything indicating that appellant objected to having the case submitted on the pleadings, nor that any objection was made to the recitation in the order. The order must be presumed to state the truth, and it is authoritative. No effort was made to correct it if it was wrong, and its recitals cannot be attacked on appeal. The cause having been submitted on the pleadings, and enough of the petition remaining undenied to form the basis for the order, the court did not err in issuing a temporary injunction to maintain the status quo until the cause could be fully developed.

Without an agreement upon the part of appellant to submit the cause on the pleadings, which amounted to an agreement that the admitted facts stated therein would be proved, the proposition of appellant that a court is not authorized to grant an injunction upon a sworn bill and answer, without hearing evidence supporting the allegations of the bill, is well founded. But where it is agreed that the plaintiff will be able to introduce evidence to sustain their sufficient allegations to make out a case, the proposition does not apply.

[5] If, as admitted by appellant, the first deed to it by Schreiner had no conditions as to the location of the depot, but it was not recorded, and afterwards another deed was executed by Schreiner, containing such condition or restriction, and was delivered to and accepted by appellant and placed upon record, and that appellees bought their property after such deed was recorded, appellant would be estopped to set up the unrecorded deed to affect their rights. Appellant cannot be heard to plead an unrecorded deed to deprive people of rights acquired under a deed filed for record by it, which fixed its status towards any purchaser under the terms of the recorded deed without notice of any other deed. Appellant cannot be heard to deny the existence of conditions in a deed when it has recorded the deed and has induced others to purchase land on the good faith of the recitals in the deed. It is undoubtedly true, as contended by appellant, that its possession under an unrecorded deed would be notice of its title to the land, but by afterwards accepting and recording another deed to which conditions were attached, appellant estopped itself from claiming rights under an unrecorded deed which would be inimical to innocent purchasers. The allegations of appellees' bill on the subject of the first deed being unrecorded, and the second recorded with its conditions, was not denied by appellant, and consequently the court could take them as being true.

The protest addressed by appellees to appellant against removal of the depot, unless certain things were done, does not show acquiescence upon the part of appellees in the change of location. The protest was ignored by appellant, and no offer was made on its part to comply with the conditions mentioned in the protest.

The judgment is affirmed.