WHITE et al. v. FERRIS et ux.    (No. 622.)

(Court of Civil Appeals of Texas.    El Paso.
May 18, 1916.)

1. INJUNCTION ☞122—VERIFIED PETITION.
Verification of the petition for injunction, required by Rev. St. 1911, art. 4649, is insufficient; it being merely that affiant stated that she believes the statement of every allegation of fact relied on in the petition to be true.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ☞122.]

2. INJUNCTION ☞122 — TEMPORARY INJUNCTION—VERIFICATION OF PETITION.
Rev. St. 1911, art. 4649, providing that no writ of injunction shall be granted unless a verified petition be presented, applies to a temporary injunction granted on the allegations of the petition alone.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ☞122.]

3. APPEAL AND ERROR ☞192(2)—REVIEW—GRANTING TEMPORARY INJUNCTION—OBJECTION NOT MADE BELOW.
Under Rev. St. 1911, art. 4649, authorizing the appeal from granting of a temporary injunction to be heard on the bill and answer and any evidence admitted, and dispensing with necessity of brief, the sufficiency of the verification of the petition to authorize the granting of the writ may be questioned for the first time on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1221, 1223, 1226; Dec. Dig. ☞192(2); Pleading, Cent. Dig. § 1415.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by A. G. Ferris and wife against J. C. White and others. From an order granting a temporary injunction, defendants appeal. Reversed and remanded.

F. C. Knollenberg and Leigh Clark, both of El Paso, and W. O. Hamilton, of Dallas, for appellants. E. C. Wade, Jr., of El Paso, for appellees.

Statement of Case.

HIGGINS, J. A. G. Ferris and wife sued J. C. White, J. B. Paden, and Texas Bank & Trust Company, to recover title and possession of a promissory note in sum of $1,000, executed by plaintiffs in favor of I. E. Elder, which had been indorsed by Elder and had passed into the possession of defendants. A temporary injunction was sought restraining defendants from negotiating the note. The petition was verified by one of the plaintiffs in this language:

"Before me, the undersigned authority, on this day personally appeared Frances I. Ferris, one of the plaintiffs in the above entitled and numbered cause, and, being by me sworn, on oath, stated that she believes the statement of every allegation of fact relied upon in the foregoing petition as a cause of action to be true."

The application for the injunction was set down for hearing, and defendants ordered to appear and show cause why the injunction should not issue, as prayed for. White and Paden answered by what they designated as a motion to refuse injunction, consisting of

exceptions to the sufficiency of the petition; also filed a general denial. One of the exceptions is addressed to the sufficiency of the affidavit to the petition. The bank answered that it had no interest in the note, and held same subject to the order of the court. Additional matter is contained in the bank's answer, but it is not pertinent to a consideration of this appeal. Upon the hearing a temporary injunction was issued as prayed for, and defendants White and Paden prosecute this appeal therefrom. The court's order upon its face discloses that the hearing was had and the writ issued simply upon the allegations contained in the pleadings.

Opinion.

[1] The petition was not verified in the manner required by article 4649, Revised Statutes. Smith v. Bank, 152 S. W. 449; Collier v. Smith, 169 S. W. 1110.

[2] The appellees do not contend in their brief that the affidavit is sufficient, but call our attention to a number of early decisions, wherein it was held that the petition need not be verified. Eccles v. Daniels, 16 Tex. 137; Johnson v. Daniel, 25 Tex. Civ. App. 587, 63 S. W. 1032; Hamblen v. Knight, 60 Tex. 36. The inapplicability thereof is apparent when it is considered that the question there considered was the propriety of issuing an injunction upon final hearing and judgment upon an unverified petition.

The hearing in this case was not final, and the order is interlocutory. The court's action was not based upon evidence adduced in support of the allegations in the petition, but the allegations alone formed the basis of the court's action. The recitals in the order so disclose. Railway Co. v. Mosel, 180 S. W. 1138.

[3] There is no merit in the suggestion of appellee that the sufficiency of the affidavit cannot be questioned for the first time in this court. Conceding that the record does not disclose the court's attention to have been called to the exception, nevertheless, it was improper to grant the writ based alone upon the allegations of the petition unless properly verified. And upon appeals from orders of this nature the correctness of the court's action is before us for review upon the whole record. It is not even necessary to assign error, or to brief or to argue the cause. Article 4645, R. S.; Ft. Worth, etc., v. City of Ft. Worth, 106 Tex. 148, 158 S. W. 166, 48 L. R. A. (N. S.) 994; Commissioners, etc., v. Nichols, 142 S. W. 37; Sutherland v. Cabiness, 146 S. W. 331; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 460.

For error in granting the writ upon the allegations of a petition insufficiently verified, the injunction granted in the court below is dissolved, and the cause is reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes