THOMPSON v. THOMPSON.   (No. 8070.)*

(Court of Civil Appeals of Texas. Dallas.
March 2, 1918.   Rehearing Denied
March 30, 1918.)

1. INFANTS ⬤═▷92—ACTION BY PARENT—ANNULMENT OF MARRIAGE.

A petition, wherein a parent sued to annul the marriage of his minor son, *held* to have been instituted by the parent as next friend, although the son was named as a defendant, and the parent sought certain relief in his own behalf.

2. INFANTS ⬤═▷78(7)—ACTION BY PARENT TO ANNUL MARRIAGE OF CHILD.

A parent, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2167, relating to suits by minors, can bring an action, if in good faith, as next friend to annul a marriage of a minor son.

⬤═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
* Judgment modified on second motion for rehearing 203 S. W. 939.

**3. APPEAL AND ERROR ⬤⇒837(4) — MATTERS REVIEWABLE—RECORD.**

On appeal from an order granting a temporary injunction, the answer of the defendant, not filed at the time of the granting of the injunction, cannot be considered.

**4. STATUTES ⬤⇒281 — FOREIGN STATUTES — PLEADING AND PROOF.**

Where it was not alleged that a parent had authority to sue to annul the marriage of a minor child under the laws of another state, such fact cannot be shown.

**5. EVIDENCE ⬤⇒80(1) — FOREIGN STATUTES — PRESUMPTIONS.**

In the absence of pleading and proof, the statute law of another state will be presumed to be the same as the law of the forum.

**6. MARRIAGE ⬤⇒3—PROCEDURE—QUESTIONS AFFECTING REMEDY.**

The question of a father's right to maintain a suit in his own behalf to annul the marriage of his minor son is one affecting the remedy, and is governed by the law of the forum.

**7. MARRIAGE ⬤⇒54—VALIDITY—STATUTES.**

Statutes regulating mode of entering the marriage relation, as to consent of parents and requirement for license, are merely directory, and noncompliance therewith does not affect the validity of a marriage, except where the statutes expressly declare a marriage in violation thereof shall be a nullity.

**8. APPEAL AND ERROR ⬤⇒907(3) — MATTERS REVIEWABLE—FINDINGS OF FACT.**

Where, in granting prayer for temporary restraining order in action to annul a marriage, the court stated that the petition and proof had been considered, allegations that marriage in another state obtained through false representations as to age was invalid must be taken as true on appeal, where there was no statement of facts.

**9. MARRIAGE ⬤⇒3—VALIDITY OF MARRIAGE— WHAT LAWS GOVERN.**

The law of the state in which a marriage was celebrated generally affords the criterion for testing its validity.

**10. MARRIAGE ⬤⇒58(7)—VALIDITY—FRAUD— MISREPRESENTATION.**

Where consent of a party to a marriage is gained by conspiracy, fraud, and misrepresentation of material facts, the marriage can be annulled.

**11. MARRIAGE ⬤⇒33—VALIDITY—NECESSITY FOR COITION.**

That there was immediate separation and no coition does not affect the validity of a ceremonial marriage.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by J. A. Thompson, in his own behalf and as next friend of his minor son, William Thompson, against Mrs. Anna Lee Thompson, née Anna Lee Matthews, and others, to annul a marriage. From an order restraining defendants from communicating with or approaching the minor, the named defendant appeals. Affirmed.

Callicutt & Johnson, of Corsicana, and Crane, Crane, Adams, Stennis & Crane, of Dallas, for appellant. Richard Mays, of Corsicana, and Etheridge, McCormick & Bromberg, of Dallas, for appellee.

TALBOT, J. J. A. Thompson, in his own behalf, and as next friend of his minor son, William Thompson, instituted this suit to have the marriage of the said William Thompson with the appellant, Anna Lee Thompson, née Anna Lee Matthews, annulled, and to obtain an injunction restraining and prohibiting the appellant, her attorneys, agents, and employés, from having any communication, dealings, or transactions of any character whatever with the said William Thompson, and from having a communication with him by letter, telegram, or signs "under the pains and penalties of the law." W. A. Jones, who is charged with having issued the marriage license by authority of which the said William Thompson and Anna Lee Matthews were joined in marriage, was also made a party defendant. In the first paragraph of the petition J. A. Thompson styled himself "plaintiff herein," and complains of "defendants herein, W. A. Jones and William Thompson and Anna Lee Matthews." In the second paragraph of the petition the said J. A. Thompson, as plaintiff, alleges that William Thompson is his infant son under the age of 21 years, and that plaintiff is not only his natural guardian and charged by nature with his training, nurture, and welfare, but also by law is vested with the right and authority to control, direct, and avoid his acts and contracts, and to control him in his attempted effort to enter the marriage state. It is further alleged in this paragraph of the petition as follows:

"And in this connection, and in the event that such shall be necessary, plaintiff in the alternative is joined herein by the said William Thompson, as plaintiff, against the remaining defendants, and plaintiff J. A. Thompson brings this suit in his own behalf, in virtue of the relationship aforesaid, and also brings it for and in the capacity of next friend for said William Thompson."

Following the foregoing allegations, it is charged that the defendant Anna Lee Matthews is an infant under 18 years of age; "that while the said William Thompson is physically developed commensurate with his age, yet his mental development had not advanced in keeping with his physical growth; that as is often the case with children, he is confiding in his nature and unsuspecting, and in the material affairs of life he is unsophisticated and incapable of exercising an intelligent discretion; that the said William Thompson, without the knowledge of plaintiff or his family formed, as plaintiff is now advised, an attachment for the said Anna Lee Matthews, but with no intention of undertaking to enter the marriage relation with her; that the said William Thompson was subjected to the influence of a conspiracy, formed by the said Anna Lee Matthews with others, and said Anna Lee Matthews and her conspirators, taking advantage of the want of intelligent discretion, and the unsuspecting nature of the said William Thompson, and by resort to their importunities, persuaded and induced the said William Thompson to attempt to enter the

marriage state with the said Anna Lee Thompson, and thereby induced the said William Thompson to consent thereto; that the said conspirators, operating upon and in connection with the said William Thompson clandestinely and without the knowledge and consent of plaintiff or of his mother, secretly and by false representations fled the state of Texas to the state of Oklahoma for the purpose of attempting to consummate, the purpose of said conspiracy." The petition further charges, in substance, that after said parties reached Durant, Bryan county, Okl., with and upon the aid and advice of the conspirators, a fraud was perpetrated upon the rights of plaintiff, the laws of Oklahoma and Texas; that said fraud was this: That one or all of said conspirators represented to the county clerk of said Bryan county, or to a deputy in his office, and made affidavit, which was signed by one or all of said conspirators, that the said William Thompson was more than 21 years of age, and the said Anna Lee Matthews more than 18 years of age, which representation and affidavit were false; that as a result of said false representation and affidavit the clerk issued a marriage license to said William Thompson and Anna Lee Matthews authorizing certain named authorities to unite them in marriage, and that by virtue of said fraudulent marriage license they were married; that it was and is necessary to a valid marriage to lawfully obtain a marriage license in the state of Oklahoma as well as in the state of Texas; that but for the false affidavit and representation the clerk would not have issued the marriage license to the said William Thompson and Anna Lee Matthews, and said pretended marriage ceremony could not and would not have been performed; that by reason of the fraud alleged said marriage was and is void. It is further alleged that a few hours after the pretended marriage plaintiff intercepted said conspirators and took the said William Thompson to his home, and the said Anna Lee Matthews to her home, and that there has not been any cohabitation between them; that by reason of the fact that the said William Thompson was under 21 years of age, and the said Anna Lee Matthews was under 18 years of age, each was without power to make a valid contract of marriage, and such undertaking was forbidden by law, and independently of the said false affidavit and representations and fraud referred to said pretended marriage is null and void. Plaintiff further alleged that the conspiracy charged was "still active," and that unless prevented by the court it might result in an attempt to force if possible the assumption of the marriage relation between the said William Thompson and Anna Lee Matthews, and to prevent which plaintiff is without adequate remedy at law, and that plaintiff and the said William Thompson will sustain irreparable injury, unless the relief prayed for is granted. The prayer, in which it is stated William Thompson joined, was that plaintiff have judgment annulling the marriage between William Thompson and Anna Lee Matthews; that a writ of injunction directed to Anna Lee Matthews and those acting in conspiracy with her and to. her attorneys, agents, and employés enjoining, restraining, and prohibiting them and each of them from communicating, as stated in the former part of this opinion, with the said William Thompson. Plaintiff also. prayed that a writ of injunction likewise issue to the said William Thompson restraining and prohibiting him in like manner and to the same extent from having any communication whatever with the said Anna Lee Thompson. There was the further prayer, in which it is stated that the said William Thompson joined:

"For all such further relief, both general and special, as plaintiff may show himself entitled to either in his individual capacity or as next friend of the said William Thompson."

The plaintiff's petition appears to have been filed January 3, 1918, and on that day presented to Hon. H. B. Daviss, district judge, who, without notice to either of the defendants, indorsed thereon the following order:

"Corsicana, Texas, January 3, 1918.

"In Chambers. This petition for injunction, together with proof in support thereof, presented and considered by me. It is ordered that the district clerk of Navarro county, Texas, will issue the writ as prayed for when plaintiff files with him a good and sufficient bond in the sum of one thousand dollars, conditioned and approved as required by law. It is further ordered that the clerk shall incorporate a true copy of this order in said writ of injunction; and it is ordered that the sheriff of Navarro county, Texas, shall immediately serve same, and make. due return thereof as required by law."

This order was signed by said judge in his official capacity. The writs of injunction as prayed for by plaintiff in his petition and as. ordered by the court were issued and served on the said William Thompson and Anna Lee Matthews on January 3, 1918. After the. issuance and service of the writ of injunction upon Anna Lee Matthews and on the 9th day of January, 1918, she filed a lengthy answer. to plaintiff's petition, as appears from a copy thereof sent up in the transcript, and within the time and in the manner prescribed by law, perfected an appeal from the said order of the district judge to this court.

[1,2] The appellant insists, in effect, that it is manifest from the allegations of the petition that the appellee did not institute this suit as the next friend of his son, William Thompson, and that he had no right to. bring it to annul the marriage, even though the defendant Anna Lee Thompson and others enticed the said William Thompson into the marriage by fraud; that only the party to a marital contract can bring suit to annul it. It may be conceded that the petition is, an unusual or anomalous one, but we are,

constrained to hold against the view that it cannot be said from the record before us that the suit is prosecuted by the father of William Thompson as his next friend. It is true, as shown in our statement of the nature of the case, that in the first paragraph of the petition William Thompson, the son, is made a party defendant, and J. A. Thompson, the father, appears to be the plaintiff suing alone in his own behalf; but as evidencing some doubt of his right to so maintain the action he says, in the second paragraph of the petition:

That "in the event that such shall be necessary, plaintiff in the alternative is joined herein by the said William Thompson as plaintiff against the remaining defendants (who are the appellant and W. A. Jones), and plaintiff, J. A. Thompson, brings this suit in his own behalf, in virtue of the relation aforesaid, and also brings it for and in the capacity of next friend for said William Thompson."

If, as contended by appellant, J. A. Thompson was not authorized to institute and maintain the suit in his own right to annul the marriage of his son with the appellant, still he could maintain the suit for and in behalf of his minor son as next friend, and the fact that he sought to maintain it in the dual capacity mentioned, and that there are some allegations made and relief asked which are inconsistent with the idea that William Thompson is a party plaintiff, would not militate against or affect such right. The inconsistencies referred to may be accounted for on the ground that appellee seeks to maintain the suit in his own behalf as well as in behalf of William Thompson. William Thompson, so far as the record shows, had not been emancipated by his father, and while article 4628, Vernon's Sayles' Civil Statutes, provides that every female under the age of 21 years, who shall marry in accordance with the laws of this state, shall from and after the time of such marriage be deemed to be of full age, etc. No such statute has been found declaring a male under 21 years of age emancipated by his marriage. We do find, however, express statutory authority for the maintenance of suits by a minor by next friend. Article 2167 of Vernon's Sayles' Statute provides that any minor having a sufficient cause of action, and who has no legal guardian, can bring suit in any of the courts of this state by next friend. We are unable to escape the conclusion that the allegations of the appellee's petition are sufficient to show a suit for and in behalf of his minor son, William Thompson, by him as next friend. It is alleged that appellee is joined in the suit by William Thompson; the effect or fair construction of which is, that the suit is prosecuted by the consent of William Thompson, and that he was a voluntary party to it, by and through his next friend J. A. Thompson. Suits in behalf of minors by next friend has been a common practice in this state, and, as correctly said in Railway Co. v. Lemons, 152 S. W. 1189:

"By the common law, and in this state by statute, a father may act as next friend for his minor child in the prosecution of suits in the child's interest, and the courts, generally speaking, will give effect to the acts of the next friend, when done in good faith."

[3] The allegations of the petition in this case are sworn to by the appellee, and there is absolutely nothing in the record which can be considered by this court on the present appeal, controverting them, or which shows that in the institution and prosecution of the suit, the appellee was not actuated by the utmost good faith, whether he was or not. There is no statement of facts in the record, and the answer of appellant was not before the district judge when the order granting the injunction was made, and, under several decisions of our appellate courts, cannot be considered here. City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Jelinek v. State, 52 Tex. Civ. App. 402, 115 S. W. 908; Houston Electric Co. v. Glen Park Co., 155 S. W. 965. The appellee's petition, as hereinbefore shown, was filed on January 3, 1918; the injunction was granted and issued on that date, whereas the answer was not filed until January 9, 1918.

The views expressed render it unnecessary for the purposes of the appeal for this court to definitely determine whether or not the appellee, J. A. Thompson, by reason of the relationship existing between him and William Thompson, was authorized to bring and maintain this suit in his own right. We will say, however, that we are inclined to the opinion that he was not, and much authority is cited by appellant and may be found sustaining this view. In some jurisdictions statutory provision has been made allowing parents to sue to annul the marriage of a minor child, but there is no such statute in this state.

[4-6] The contention of appellee that, since his son William Thompson, from want of age and understanding, was incapable of contracting marriage, he (appellee), as his father, was authorized by the statute of the state of Oklahoma, where the marriage was celebrated, to bring and maintain this suit in his own name for the purpose of declaring the marriage with the appellant void, cannot, at least in the present state of the record, be sustained. There is no allegation in the petition that such authority was conferred by the statute of Oklahoma, and without such allegation proof of such statutory authority could not furnish a basis for the conclusion that such was the law of that state. A judgment or material finding must be supported by both allegations and proof. In the absence of allegation and proof the statute law of another state will be presumed to be the same as the law of the forum. As said, there is no statute in this state authorizing a father to maintain a suit in his own name and right to annul the marriage of his minor child. But at any rate we regard the ques-

tion of the father's right to maintain a suit in his own behalf to annul the marriage of his minor son as one affecting the remedy and governed by the law of the place when such suit is brought. A review of the authorities establishing the rule and a statement of the reasons given therefor we deem unnecessary at this time.

[7-9] Having held that we would not, in view of the uncontroverted allegations of the appellee's petition, be warranted in saying that this was not a suit authorized and prosecuted by the appellee as next friend of William Thompson, the questions whether or not the allegations of the petition are sufficient to show a cause of action for the annulment of the marriage by William Thompson and to justify the action of the district judge in granting the temporary injunction prayed for arises and must be determined. We have reached the conclusion that these questions should be decided favorably to appellee. This is true, we think, regardless of the allegations that William Thompson was a minor, and that he married the appellant, Anna Lee Matthews, without the consent of his parents. It is the well-established general rule that statutes regulating the mode of entering into the marriage relation including the consent of parents and provisions requiring that a license be obtained before performance of the marriage ceremony, are merely directory, and that, although marriage is entered into otherwise than in accordance with the provisions of such statutes, it is nevertheless a valid marriage. 18 Ruling Case Law, §§ 18, 19. This general rule must of course yield to an express declaration of a statute that the marriage of a minor without consent of parents or other requirements thereof shall be a nullity. But in addition to the allegations that William Thompson was a minor, and that his marriage with appellant was without the consent of his parents, it is alleged, in effect, that it was necessary to a valid marriage under the law of Oklahoma to lawfully obtain a marriage license in that state authorizing its celebration; that the marriage license for the celebration of the marriage between William Thompson and the appellant, and by virtue of which the marriage ceremony was performed, was procured by a false affidavit and representations made by one or more of certain conspirators seeking to bring about such marriage; that the said William Thompson was over 21 years of age and the appellant over 18 years of age; that but for such false affidavit and representations said license could not have been legally issued and said marriage ceremony could not and would not have been performed.

These allegations, which must be considered as true by this court for the purposes of this appeal in the condition we find the record, that is, since the judge in his order granting the injunction declares that proof was heard in support of said allegations, and everything must be presumed, in the absence of a statement of facts, in favor of the correctness of the judgment rendered (Sutherland v. Cabines, 146 S. W. 331; Kell Milling Co. v. Bank, 168 S. W. 46), show the law of the state of Oklahoma on the subject to which they relate, show that the marriage license under which the marriage ceremony uniting William Thompson and Anna Lee Matthews, the appellant, in marriage were obtained, not lawfully, but unlawfully, in violation of the law of Oklahoma, and declares that by reason thereof such marriage was invalid. According, then, to these allegations, the statute of the state of Oklahoma expressly declares that a marriage of a minor celebrated by authority of a marriage license obtained unlawfully, that is, by a false affidavit and representations, is invalid and presents an exception to the general rule stated above to the effect that ordinarily provisions of a statute simply regulating the mode of entering into the marriage relation and requiring the issuance of a license authorizing the performance of the marriage ceremony are directory merely, and that, although a marriage entered into otherwise is nevertheless a valid marriage. There is no allegation in appellee's petition that William Thompson made the alleged false affidavit by which the license authorizing his marriage to appellant was obtained, nor does it appear in any manner, subject to the consideration of this court, that such affidavit was made with the free consent or acquiescence of the said William Thompson. That the law of the state in which a marriage was celebrated generally affords the criterion for testing its validity is so well recognized and universally conceded that the citation of authority in support of the rule is unnecessary.

[10] Again, as grounds for annulling the marriage in question, it is alleged, in substance, as has been seen, that the mental development of William Thompson has not advanced in keeping with his physical growth; that like a child, he is confiding in his nature and unsuspecting; that in the material affairs of life, he is unsophisticated and incapable of exercising an intelligent discretion; that he formed an attachment for the appellant, but had no intention of entering the marriage relation with her; that shortly before his marriage with her, he began to be and was subjected to the influence of a conspiracy formed by appellant with others and that appellant and her conspirators, taking advantage of his want of intelligence, discretion, and unsuspecting nature, and by resort to importunities, induced the said William Thompson to consent to and to enter the marriage state with appellant; that said conspirators, operating upon and in connection with the said William Thompson clandestinely and without the knowledge and

consent of his parents, secretly and by false representations fled with the said William Thompson to the state of Oklahoma with the view of attempting to consummate the purpose of their conspiracy; that after reaching the city of Durant, in Bryan county, in said state, one and all of said conspirators represented to the county clerk of said county and made affidavit that the said William Thompson was more than 21 years of age, and that the appellant, Anna Lee Matthews, was more than 18 years of age; that such representations and affidavit were false and untrue, for that the said William Thompson was not 21 years old and the said Anna Lee Matthews was not 18 years old; that as a result of said false affidavit and representations the clerk issued a marriage license authorizing certain named authorities to perform the marriage ceremony between them, which was done, and that but for such false affidavit and representations the clerk would not have issued said marriage license, and the pretended marriage ceremony would not have been performed; that the conspiracy charged was "still active," and unless prevented by the court, it might result in an attempt to the assumption of the marriage relation between said William Thompson and Anna Lee Matthews; that such condition is threatening and eminent; that appellee is without an adequate remedy at law; and that he and William Thompson will suffer irreparable injury, unless the injunction prayed for is granted. The foregoing are substantially the allegations of fraud alleged to have been practiced to bring about the marriage of William Thompson and appellant; and the contention of appellee is that they disclose a state of facts which render said marriage void or voidable. This view is supported by high authority, and must be sustained. The rule is well settled that no marriage is valid to which the parties have not fully and freely consented, and that every misrepresentation of a material fact, made with the intention to induce one of the parties to enter into it, justifies the court in holding that the marriage is not binding, and in annulling it. In Robertson v. Cole, 12 Tex. 356, it is said that it is a well-established principle that a marriage procured by force or fraud is null and void. This principle is recognized and admitted by appellant's counsel, but its applicability here is denied. They say "that the injured party may waive the objections, as they may waive the objections in any other proceeding, and thus ratify the contract with full knowledge of the fraud; that in this case the fraud was committed by William Thompson; that he made all the affidavits that were made, and procured the marriage license; that appellant condones the fraud by apologizing for it,

and therefore William Thompson is in no position to complain. The foregoing statements of appellant's counsel are based upon the allegations made in her answer, which, as hereinbefore stated was not filed in the district court until after the injunction in this case had been granted. It was not therefore before and considered by that court when the order was made directing the issuance of the writ. The allegations of that answer, as we have before stated in this opinion, cannot be looked to and considered by this court on this appeal in determining the correctness of the district judge's action in awarding the injunction, nor for any other purpose. The authorities already cited upon the question are directly in point; they are approved by this court, and are conclusive of the matter. In disposing of this appeal we must look to the allegations of the appellee's petition alone in determining whether or not the action of the judge in granting the writ of injunction was justified. This petition was verified by the affidavit of the appellee, and in his order directing the issuance of said writ the judge stated that proof was heard in support of the petition. What this proof was, other than the verified petition, we do not know, as no statement of facts has been brought to this court, but the order of the judge is authoritative, and, in the absence of evidence to the contrary, will be presumed to speak the truth. Its recitals are conclusive here. Railway Co. v. Mosel, 180 S. W. 1138; Sutherland v. Cabines, supra; Milling Co. v. Bank, supra.

It must be understood that the views we have expressed are predicated upon the record now before us. The case, unless otherwise disposed of, will doubtless be tried upon its merits in the district court, and what the evidence will then be we do not know, but it may present a state of facts materially different from those now before us, and call for different conclusions than here expressed.

[11] In view of that trial, and since some importance seems to be attached to the alleged fact that the appellant and William Thompson were separated shortly after their marriage, and that there had been no cohabitation between them, we will take occasion to state that the consummation of a marriage by coition is not necessary to the validity of a ceremonial marriage, and that the status of the parties is fixed in law when the marriage contract is entered into in the manner prescribed by law. There seems to be some difference of opinion upon the subject, but it is generally conceded that the general rule is as we have stated it. 18 Ruling Case Law, § 15.

For the reasons indicated, the judgment of the court below is affirmed.