## WILLIAMS v. WHITE.

### No. 10221.

Court of Civil Appeals of Texas. Austin.

Dec. 18, 1953.

Rehearing Denied Jan. 6. 1954.

---

William Yelderman, Earl Shelton, Austin, for appellant.

Emmett Shelton, Austin, for appellee.

PER CURIAM.

This suit was brought by appellee, W. J. White, against Bobbie D. Williams for the purpose of annulling a ceremonial marriage between Sammie White, appellee's sixteen year old daughter, and appellant, a seventeen year old male.

Annulment was sought on the ground that the marriage, performed without the consent of appellee and under a license obtained through a false affidavit made by appellant in which he swore that he was over twenty-one years of age and the girl was over eighteen years of age, was in fraud of the rights of appellee.

A guardian ad litem was appointed for appellant and a nonjury trial resulted in a finding by the court that "it is to the best interests of the minor, Sammie D. White Williams," that the marriage be annulled and judgment was rendered accordingly.

■ The first question presented by appellant is that appellee lacks justiciable interest in the subject matter of this suit sufficient to authorize him to maintain it.

This point is sustained.

It is to be noted that appellee did not sue as next friend of his daughter under the provisions of Rule 44, Texas Rules of Civil Procedure, and we express no opinion as to his right of procedure thereunder. In this connection, however, we call attention to Art. 4625, V.A.C.S., emancipating females under the age of twenty-one who shall marry in accordance with the laws of this State.

Mrs. Bobbie Williams testified that the marriage between Bobbie and herself had been performed by a Baptist Minister on October 7, 1953, and had been fully consummated by living together as husband and wife; that she loved her husband and desired that the marriage relation continue; further that she did not ask her father to bring this suit and that she "now" refused to join him therein.

■ The law, as we understand it to be and as we believe it should be, is superbly stated by the late Judge Fly of the San Antonio Court, a great jurist and humanitarian, as follows:

"The marriage of a female under the age of 18 is not void, but merely voidable at the suit of the female and not her relatives, not even her parents, unless with the consent of the female. Marriage of a girl under the age of 18 is not made a ground of divorce, but it must be accompanied by fraud, coercion, or deceit in order to form a ground for annulment of the bonds of matrimony. Courts will not amplify the laws of marriage and divorce, so as to allow disaffected mothers to annul any marriage of her daughters with which she is not pleased. The consequences would be probably worse for the girl married under the age of consent, if she has reached the age of puberty, to destroy the marriage, than to permit them to live together in peace without interference and intermeddling upon the part of misguided relatives or friends." Ex parte Nolte, Tex.Civ. App., 269 S.W. 906, 907.

See Thompson v. Thompson, Tex.Civ.App., 202 S.W. 175, Dallas.

■ In the absence of a statute the courts in other jurisdictions seem to be of the unanimous view that a parent cannot in his own name sue to vacate a marriage of a child under the age of consent but over the common-law age of seven. Kirby v. Gilliam, 182 Va. 111, 28 S.E.2d 40, 150 A.L.R. 601.

The only statute which we have prohibiting marriage by reason of age is Art. 4603, V.A.C.S., which provides that males under sixteen and females under fourteen years of age shall not marry.

It is our considered opinion that appellee was without lawful authority to maintain this suit.

If we be mistaken in the foregoing conclusion then we express our opinion that the marriage in question was in all respects a valid marriage and not subject to annulment upon the grounds alleged.

It is the policy of the law to look with special favor upon marriage and to seek in all lawful ways to uphold this most important of social institutions. Gress v. Gress, Tex.Civ.App., 209 S.W.2d 1003, Galveston, writ ref., n. r. e. In Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560, 561, the court quoted approvingly from 1 Bish, Marriage and Divorce, 6th Ed. Sec. 457:

"Every intendment of law is in favor of matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of the proof upon the party objecting, but requiring him throughout in every particular plainly to make the fact appear, against the constant pressure of this presumption, that it is illegal and void. * * * It being for the highest good of the * * * community that all intercourse between the sexes in form matrimonial should be such a fact, the law, when administered by enlightened judges, seizes upon all probabilities, and presses into its service all things else, which can help it in each particular case to sustain the marriage, and repel the conclusion of unlawful commerce."

In keeping with this policy our courts have held that statutes regulating the mode of entering into the marriage relations including the consent of the parents and provisions requiring that a license be obtained before performance of the marriage ceremony, are merely directory, and that, although marriage is entered into otherwise than in accordance with the provisions of such statutes, it is nevertheless a valid marriage unless, of course, the statute declares that its violation shall render the marriage void. Thompson v. Thompson, supra, citing 18 Ruling Case Law, Secs. 18 and 19.

We have no statute which declares the marriage of a seventeen-year old boy and a sixteen-year old girl void because of nonage. On the other hand it is the plain implication of Art. 4603, supra, that males over sixteen and females over fourteen may lawfully enter into a contract of marriage. Portwood v. Portwood, Tex.Civ.App., 109 S.W.2d 515 at page 522, Eastland, writ dism.

Art. 4605, V.A.C.S. upon which appellee so heavily relies provides that no County Clerk may issue a license to marry without the consent of the parent or guardian, if any, of the parties unless as to the male applicant that he is twenty-one years of age and as to the female applicant that she is eighteen years of age.

There is no prohibition in this statute that those under the stated ages shall not marry and, of course, no provision that should they marry that such marriage would be void, voidable or invalid in any respect.

Appellee expresses concern over the legislative intent in enacting Art. 4605 unless it was to prohibit marriages under the ages stated. As to this we can only say that the only intent to be gathered from the statute itself is that the County Clerk cannot issue licenses to marry without complying and compelling compliance with its terms. We cannot read into this statute a prohibition which is not there nor a repeal of Art. 4603, nor can we consider such statute as a partial abrogation of the doctrine of common-law marriage which prevails in this

State and the validity of which is not dependent upon the issuance of any license to marry.

With respect to the finding of the trial court that it is to the best interest of appellant's wife that this marriage be annulled we are not apprised of any authority which suggests that valid marriages may be dissolved upon such generalization. Other than that appellant made a false affidavit there is nothing in this record to indicate that either he or his wife is not worthy, dependable and of high moral character.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.