**Walter Douglas HOLT, Jr., Appellant,**

v.

**Bonnie Carol YORK et al., Appellees.**

No. 3741.

Court of Civil Appeals of Texas.

Waco.

April 21, 1960.

Rehearing Denied May 12, 1960.

William F. Walsh, Houston, for appellant.

Liddell, Austin, Dawson & Huggins, Houston, W. Robert Brown, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment of the Trial Court annulling a marriage. Trial was before the court, without a jury, which after hearing entered judgment annulling the marriage. Plaintiff, Bonnie Carol York, was 15 years of age and a 9th grade student in Junior High School. Defendant, Walter Douglas Holt, was 27 years of age. He had been placed on probation, worked in New Orleans as a bartender and was a steeplejack by trade. He commenced going with plaintiff and persuaded her to marry him; he secured the license for such marriage by falsely swearing that she was 18 years of age and by falsely swearing that there was no legal objection to such marriage. Defendant married plaintiff and lived with her two weeks under an assumed name. The Trial Court filed Findings of Fact and Conclusions of Law, pertinent portions of which are:

Findings of Fact

1 & 2) Plaintiff was 15 years old and defendant 27 years old at all times material to this litigation.

3) On 12 May, 1959, defendant applied for a marriage license, falsely swearing that plaintiff was 18 years of age; that such was made with the deliberate design on the part of defendant to obtain said marriage license.

4) On 12 May, 1959, defendant further made affidavit that there was no legal objection to the proposed marriage; defendant knowing plaintiff's true age and that her parents had not consented to her marriage

5) Plaintiff's parents did not consent to or know of the marriage or of the making application for a license.

6) Plaintiff did not know of the issuance of the license until after defendant had obtained it.

7) Plaintiff did not have the aid, assistance or advice of her parents concerning the proposed marriage to defendant.

8) On 16 May, 1959, a purported ceremonial marriage was performed between plaintiff and defendant.

9) Plaintiff is a minor female of tender age and impressionable nature and never saw the license under which the marriage was purportedly solemnized.

10) Defendant is a person of mature mind; had been placed on probation; worked in New Orleans as a bartender

and lived with a woman there; all of which he related to plaintiff.

11) Immediately after the marriage, defendant assumed a different name and resided with plaintiff under the name of Rogers in Houston, Texas.

12) Plaintiff's parents did not know of the marriage for some days, and immediately took steps to locate their daughter and to annul such purported marriage.

13) Defendant has been charged with the felony offense of false swearing; for making the false affidavits in connection with obtaining the marriage license.

14) Defendant did not physically force plaintiff to marry him.

15) From 16 May until 29 May, 1959, plaintiff and defendant lived together under an assumed name.

16) Plaintiff and defendant never intended to enter a common-law marriage.

17) Defendant knew when he executed the affidavit that plaintiff was only 15 years of age.

18) But for the false affidavit, knowingly and willfully done, the County Clerk's office would not have issued the marriage license.

19) The parties acquired no property during the purported marriage and plaintiff is not pregnant.

### Conclusions of Law

1) The court in the exercise of its equitable discretion is of the opinion that the purported marriage should be cancelled and annulled.

2) The public policy of the State is to protect female children of tender age and impressionable nature from the consequences of marriage arranged through fraudulent and criminal acts of the worldly wise such as was manifested by the defendant.

The defendant appeals, contending: 1) The Trial Court erred in annulling a consummated marriage on the ground that the defendant obtained a marriage license by falsely swearing that the wife was 18, because the Texas Marriage Statute, Vernon's Ann.Civ.St. art. 4605, is directory only and noncompliance with it does not affect the validity of a marriage; 2) The Trial Court erred in granting equitable relief when the evidence discloses that plaintiff provided defendant with documents to induce the County Clerk to issue the license.

We revert to defendant's first contention. The record reflects that defendant was 27 years old, mature, a man of the world, while plaintiff was a 15 year old child. He over-persuaded the plaintiff to marry him; and falsely swore to secure the license. It is well settled that a purported marriage may be annulled for fraud, duress, mental incapacity, or on other equitable grounds for such relief. Portwood v. Portwood, Tex.Civ.App., 109 S.W.2d 515, error dismissed; Robertson v. Cole, 12 Tex. 356; Thompson v. Thompson, Tex.Civ.App., 202 S.W. 175 (no writ); Ex parte Nolte, Tex.Civ.App., 269 S.W. 906 (no writ); Williams v. White, Tex.Civ.App., 263 S.W.2d 666 (W/E ref. NRE).

We think the Findings of Fact of the Trial Court are supported by the record, and that the Conclusions of Law of the Trial Court are correct.

Defendant's second contention is predicated upon the fact that plaintiff went with him for a blood test and provided him with a copy of her birth certificate which had been altered; that such conduct on her part estops her from now seeking an annulment. The Trial Court had the above evidence before him as he likewise had the ages of the parties, their backgrounds and all other facts and circumstances connected with this unfortunate matter. He, after weighing all of these facts and circumstances, dissolved the marriage by an equi-

table rescission of the contract inducing it. We think the action of the Trial Court correct. See 28 Tex.Jur. Sec. 30, p. 725.

Defendant's points and the contentions made thereunder are overruled and the judgment of the Trial Court is affirmed.