**Archie McLARTY et al., Appellants,**

**v.**

**Judnita Levell McWhorter McLARTY,
Appellee.**

**No. 4267.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

Chester A. Oehler, Dallas, for appellants.

George Hopkins, Denton, for appellee.

COLLINGS, Justice.

This suit was brought by Archie McLarty, individually and as next friend of his son, Michael Jay McLarty, seeking annulment of a ceremonial marriage entered into between the defendant Judnita Levell McWhorter and Michael Jay McLarty at a time when he was nineteen years of age. It was alleged by plaintiffs that the marriage was void or voidable; that the defendant was pregnant by another man at the time of the marriage which fact was concealed from and unknown to the father, Archie McLarty, who consented to the marriage of his minor son, and that such concealment constituted fraud of such nature as to render the marriage void. In the alternative plaintiffs by trial amendment sought a divorce. The court, however, refused to permit the filing of such trial amendment. The defendant by her pleadings challenged the right of the father to maintain the suit and further answered by a general denial. The trial was before the court without a jury and the petition for annulment was denied. Archie McLarty and Michael Jay McLarty have appealed.

The evidence shows the existence of a ceremonial marriage between the parties as alleged in appellants' petition; that appellee Judnita Levell McWhorter was pregnant at the time of her marriage to Michael Jay McLarty and that the child which was thereafter born to her was not his offspring; that appellant Michael Jay McLarty was fully aware of the fact that appellee was pregnant by another man at and prior to the time of their marriage. He testified that appellee did not misrepresent to him the facts concerning her condition. Appellant Michael Jay McLarty and Judnita Levell McWhorter McLarty lived together as husband and wife after their marriage. The evidence further shows that appellee did not have any communication with the father, Archie McLarty, with reference to his consent to the marriage to his son. The son contacted the father concerning his consent to the issuance of the marriage license. He did

not inform his father of the fact and circumstances of appellee's condition although he had full knowledge thereof at the time.

We overrule appellants' first point contending that the court erred in refusing to grant an annulment. Neither the allegations of appellants' petition nor the proof show grounds for annulment. The fact that appellant Michael Jay McLarty was only nineteen years of age at the time of the marriage was not ground for an annulment. Portwood v. Portwood, 109 S.W.2d 515 (Ct.Tex.Civ.Apps.1937, writ dism.). Article 4603, Vernon's Ann.Tex.Civ.St., only prohibits marriages of males under sixteen years of age and females under fourteen years of age. By implication, marriages of individuals over those ages are lawful.

Appellants' contention that the marriage is void, as we understand, is that appellee was pregnant by another man at the time of her marriage to the minor appellant; that such fact was concealed from the father; that the father consented to the marriage without knowledge of such fact and would not have consented if appellee's condition had not been concealed from him. These facts and circumstances do not constitute grounds for annulment. Williams v. White, 263 S.W.2d 666, (Ct.Tex.Civ.Apps. 1953).

The evidence shows and appellant Michael Jay McLarty admitted that before his marriage to appellee he was fully aware of the fact that she was pregnant; that she had told him that she was pregnant by another man and that he married her with full knowledge of such fact. Under the pleadings and the undisputed evidence appellee was guilty of no conduct which would show fraud constituting grounds for annulment.

After their marriage on January 21, 1967, the parties lived together as husband and wife until February 23, 1967, when Michael Jay McLarty was inducted into the Navy. He continued to live with appellee as husband and wife until and after the child was born in May of 1967. He lived with her in San Francisco where he was stationed in the Navy until the time of their separation. The evidence conclusively shows a legal ceremonial marriage between the parties. Michael Jay McLarty has no right to an annulment on the basis of facts which were known to him before the marriage. Neither does he have the right to an annulment because of the failure of appellee to furnish his father with information concerning the fact of her pregnancy before the father consented to the securing of a marriage license by his son. Appellants' first point is overruled.

We also overrule appellants' points complaining of the refusal of the court to grant a divorce. Neither the pleadings attempted to be filed by appellants nor the evidence show any ground for divorce.

The judgment is affirmed.