**Celine COZAD, Appellant,**

v.

**Frank ROMAN et al., Appellees.**

**No. 1270.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

Rehearing Denied Sept. 21, 1978.

Preston E. Henrichson, Henrichson-Smith, P.C., Edinburg, for appellant.

James DeAnda, Rafael Flores, Flores, Sanchez, DeAnda & Vidaurri, McAllen, Thomas W. Wilkins, Wilkins & Phillips, McAllen, for appellees.

## OPINION

YOUNG, Justice.

Celine Cozad, daughter of Monica Z. Ramsower, sued Frank Roman, McCook Cattle Company and Mrs. Ramsower complaining that her mother had been unduly

influenced by Roman and McCook into selling, or entering into a contract of sale of, a certain parcel of land for an inadequate and unconscionable amount. Cozad sought to rescind or cancel the purported sales contract or deed. Defendants answered with pleas in abatement and a special exception challenging plaintiff's standing to bring the suit. In a hearing held before the court without a jury, the trial court, by an order signed on June 1, 1977, sustained the defendants' pleas and special exception and dismissed the plaintiff's suit. Plaintiff Cozad appeals. We reverse and remand.

In her original petition, filed March 8, 1977, Cozad alleges, among other things, that she is bringing the suit individually; that she is the daughter of Mrs. Ramsower; that she now has and always has had "the utmost love and affection for the mother"; that she brings this suit for the protection of her mother from the undue influence of the other defendants and other persons; that she, the plaintiff, and her mother are joint-tenants of 9,290.5 acres of land in Hidalgo County, Texas, in that she owns an undivided ¼ interest thereof and her mother owns an undivided ½ interest thereof; that she believes that her mother has entered into a contract of sale with McCook, and perhaps a deed, covering all or a portion of the mother's undivided interest in the land; that the defendants Roman and McCook by undue influence have caused her mother to sell or contract to sell her interest in the land for an inadequate price and under unconscionable terms.

Cozad further alleges that she would be one of the material recipients of her mother's bounty, but Roman and others by undue influence have estranged Cozad from her mother; that because of the estrangement she is entitled to damages from Roman. For all of the above reasons she says that the court should void and set aside the contract and/or deed regarding the subject property and should award her damages against Roman.

The gist of appellees' pleas in abatement and special exception is that appellant has no standing or justiciable interest to maintain this suit.

A hearing was had on the pleas in abatement and special exception on June 1, 1977. On this same day appellant filed an application for the guardianship of her mother in the county court at law. At the outset of the hearing, the appellant requested that she be given leave to amend her pleadings. No immediate response was given by the trial court to the request. But the court proceeded with the hearing during which it stated that it would treat the pleas in abatement as special exceptions. No evidence was introduced and the court sustained the pleas and the exception and dismissed appellant's case without prejudice to her right to refile the suit should she be appointed to represent Mrs. Ramsower in any representative capacity.

Cozad brings six points of error. We will first consider point 5 which sets out several reasons why the trial court erred in considering and granting the defendants' unverified pleas that the plaintiff lacked legal capacity to sue.

In *Hous. Authority, etc. v. State ex rel. Velasquez,* 539 S.W.2d 911, 913 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.), we stated at page 913:

"It is a fundamental rule of law that without a breach of a legal right belonging to the plaintiff, no cause of action arises or can accrue to his benefit. . . For a person to maintain a court action, he must show that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. . . . 

The issue of standing to sue has been the subject of much discussion. As a general rule, . . . a person has standing to sue, if: 1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; 2) he has a direct relationship between the alleged injury and claim sought to be adjudicated: 3) he has a personal stake in the controversy; 4) the challenged action has caused the plaintiff some injury in fact, either economic, ethic, recreational, environmental,

or otherwise; or 5) he is an appropriate party to assert the public's interest in the matter, as well as his own interest . . ."

Moreover, in *Glass v. Carpenter,* 330 S.W.2d 530 (Tex.Civ.App.—San Antonio, 1959, writ ref'd n. r. e.), the Court there stated at page 536:

> "to be entitled to maintain a suit for the rescission or cancellation of a contract one must have some interest therein. As a general rule, a party to a contract or a privy therein, and he alone, is entitled to maintain a suit to cancel or rescind it."

■ Cozad's petition plainly fails to allege any privity or interest in the contract she seeks to rescind. Neither does the petition allege that appellant has any interest in that portion of the land being sold. At most, appellant to show standing infers an expectation of future inheritance. This is not enough to create a justiciable interest. See *Hollar v. Jowers,* 310 S.W.2d 721, 724 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.); *Jones v. Eastham,* 36 S.W.2d 538 (Tex.Civ.App.—Galveston 1931, writ ref'd). Thus, we think appellant has failed to show the necessary justiciable interest to maintain this action.

■ On the other hand, appellant asserts five reasons why standing is shown in this case. She first asserts that she has standing because she is in essence suing as next friend of her mother. We find no such allegation of next friend status in appellant's petition. The petition expressly states that it is being brought by appellant individually and it nowhere else asserts any type of representative capacity.

■ Secondly, appellant asserts standing is conferred because a future event may happen; i. e., appellant might be appointed guardian of her mother. This argument is answered by the Commission of Appeals in *Town of Refugio v. Strauch,* 29 S.W.2d 1041 (Tex.Com.App.1930, jdgt. adopted) wherein the Court there said at page 1044:

> ". . . Courts do not decide cases on what may happen in the future, but upon present conditions, as demonstrated by the facts in a particular case. . . ."

This Court, in *Fort Worth Lloyds v. Garza,* 527 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.), reasoned to the same effect.

■ Thirdly, appellant contends she has standing as a joint-tenant of the realty involved in the subject contract of sale. Appellant cites *Reina v. Erassarret,* 90 Cal. App.2d 418, 203 P.2d 72 (1949), and *Gillette v. Nicolls,* 121 Cal.App.2d 185, 262 P.2d 856 (1953), for the proposition that a joint-tenant has standing to challenge a sale by his co-tenant when the sale is induced by fraud or undue influence. While these cases are similar in some respects to the instant case, they are also distinguishable in that the grantor-joint-tenant in those cases was deceased at the time of the action. Thus, the joint-tenant enjoyed the possibility of recovering the deceased co-tenant's interest as a survivor of the joint-tenancy. No such interest has been shown in this case. Indeed, even if the daughter were able to cancel the transaction, she would receive nothing. Even if we assume that the mother is presently incompetent, there is no presumption that she will continue to be so until she dies. *Jones v. Eastham,* supra. Thus, there would be nothing to prevent the mother from transferring the subject property to another party at a later time.

■ Fourthly, appellant argues that she has standing as a result of her kinship to her mother and resulting moral obligations. In *Williams v. White,* 263 S.W.2d 666 (Tex. Civ.App.—Austin 1953, writ ref'd n. r. e.), the Court found that a father did not have standing to challenge the marriage contract between his 16-year old daughter and 17-year old male. We also find that appellant's mere kinship to Cozad does not confer standing. See also *Jones v. Eastham,* supra. Though appellant may feel a moral obligation to support her mother, we have found no cases which confer standing as a result of a moral obligation of support to a parent and do not think it provides a sound basis for standing. See *Hous. Authority, etc. v. State ex rel. Velasquez,* supra.

■ Finally, appellant contends that the pleas in abatement filed herein were not verified and thus had no force or effect. The defendants' pleas questioned whether plaintiff had shown standing or a justiciable interest in the controversy, or in other words whether appellant pled a cause of action. See *Clark v. State,* 324 S.W.2d 75, 79 (Tex.Civ.App.—San Antonio 1959), aff'd, 161 Tex. 10, 336 S.W.2d 612 (1960); *Ortiz Oil Co. v. Railroad Commission,* 62 S.W.2d 376, 381 (Tex.Civ.App.—Texarkana 1933, no writ); 2 McDonald, Texas Civil Practice § 6.12 n.5 (1970). Appellees' did not allege a lack of capacity pursuant to Rule 93, T.R.C.P. and thus the pleading rules as to capacity do not apply. 2 McDonald, Texas Civil Practice § 7.12 n.8 (1970). Appellant's point 5 is overruled.

■ Appellant's points 1 and 2 allege that the trial court erred in failing to appoint a guardian ad litem for her mother and in failing to require a hearing to resolve whether or not appellant's mother was competent to contest appellant's next friend status and standing. As has been shown, a party must show that he has a justiciable interest before he may maintain an action. *Hous. Authority, etc. v. State ex rel. Valasquez,* supra. Appellant's pleadings failed to show a justiciable interest and thus without allegation of a cause of action before it the court did not need to proceed further. Appellant's points 1 and 2 are overruled.

■ Appellant's point 3 maintains that the court erred in failing to give appellant an opportunity to amend. We agree with this contention. Appellees' pleas which asserted that appellant lacked a justiciable interest were styled "Plea in Abatement". These so-called pleas in abatement, however, were actually in the nature of special exceptions. *Clark v. State,* supra. During the hearing of this matter the trial court also stated that it would treat the pleas in abatement as special exceptions.

When special exceptions have been sustained, a party must be given a right to amend before the case may be dismissed. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.Sup.1974); *In-ternational Bro. of El.W. v. Southwestern Bell T.Co.,* 498 S.W.2d 504 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.). At the beginning of the hearing in the case before us the appellant requested the court's permission to amend her pleadings. The court did not immediately deny the request, but later in the same hearing dismissed the cause based upon the pleas in abatement and special exceptions. We think this action was tantamount to sustaining the special exceptions. So dismissal of the cause by the trial court without granting appellant an opportunity to amend constitutes reversible error. See *Internat'l Bro. of El.W. v. Southwestern Bell T.Co.,* supra and *Graef v. City of Galveston,* 538 S.W.2d 816 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). Appellant's point 3 is sustained. Accordingly, we need not consider appellant's points 4 and 6.

The judgment of the trial court is reversed and the cause is remanded for trial.