Newell W. ATKINSON, III, Appellant,

v.

Hubert R. REID and Quitman Lindley, Appellees.

No. 16635.

Court of Appeals of Texas, San Antonio.

Nov. 18, 1981.

B. J. Shepherd, Alice, for appellant.

John H. Burris, James A. Erck, J. G. Adami, Jr., Parker Ellzey, Alice, Curtis B. Dyer, Corpus Christi, for appellees.

Before CADENA, C. J. (concur in result) KLINGEMAN and ESQUIVEL, JJ.

### OPINION

ESQUIVEL, Justice.

Newell W. Atkinson, III, hereinafter referred to as Atkinson, brought this derivative action on behalf of Alice Investment Corporation for damages resulting from the alleged breach of fiduciary duties of Appellees Hubert R. Reid and Quitman Lindley, officers and directors of the Corporation. The trial court sustained a Plea in Abatement and Special Exceptions to Appellant's Fourth Amended Original Petition and dismissed appellant's action with prejudice. Atkinson brings this appeal. We reverse and remand. Appellant's points of error present the following principal questions for decision by us: first, whether the trial court erred in failing to give appellant the opportunity to amend his pleadings after sustaining appellees' special exceptions and plea in abatement; second, whether Rule 42 of the Texas Rules of Civil Procedure applied to the appellant's suit; third, whether the trial court erred in sustaining the Plea in Abatement without the benefit of any evidence; and, fourth, whether the trial court erred in sustaining appellees' Special Exception Number II.

The special exceptions are as follows: In Special Exception Number I appellees demanded that appellant identify the "other" shareholders on whose behalf the suit was brought as alleged by appellant in the opening paragraph of his petition. In Special Exception Number II appellees excepted to

appellant's authority to bring the law suit in the name of Alice Investment Corporation as alleged in the opening paragraph of appellant's petition. Appellees' Special Exceptions Numbers III and IV complained of the lack of identity of certain persons and lack of specificity of their actions as set out in paragraph III of appellant's petition. Finally, in Special Exception Number V, the appellees complained of paragraph III of appellant's petition, and they demanded that appellant allege and prove what actions damaged the Corporation and how these actions contributed to the damage of the Corporation.

Appellees' Plea in Abatement pointed out appellant's failure to meet all the prerequisites to a class action in accordance with Tex.R.Civ.P. 42 (Vernon 1979); appellant's failure to name the shareholders in whose behalf or right appellant brought the action; appellant's failure to make an effort to bring this matter before the board of directors; and, finally, that the filing of appellant's Fourth Amended Original Petition was illustrative of a continuing course of action designed to impede and to block the corporation from any act or acts for which it was incorporated. The "Judges Order" contains the findings that appellant (1) "did not make any effort to have the subject matter brought to the Board of Directors" and (2) "participated by his pleadings in this cause in a course of action which was designed to prevent the corporation's Board of Directors from meeting." The trial court further found that appellees' Special Exceptions were well taken. As a result, the trial court then ordered that the cause of action be dismissed with prejudice. Appellant's Fourth Amended Original Petition and his response to appellees' Plea in Abatement are the only pleadings of appellant before this court.

■ It is well-settled that when special exceptions have been sustained, a party must be given a right to amend before the case may be dismissed. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Howell v. Coca Cola Bottling Co. of Lubbock, Inc.,* 595 S.W.2d 208 (Tex.

Civ.App.—Amarillo 1980, writ ref'd n.r.e.), *modified on other grounds,* 599 S.W.2d 801 (Tex.1980); *Cozad v. Roman,* 570 S.W.2d 558 (Tex.Civ.App.—Corpus Christi 1978, no writ). In *Cozad,* the appellant, during the course of the hearing, requested permission to amend her pleadings. Although the court did not immediately deny the appellant's request, the court subsequently, in the same hearing, dismissed appellant's cause based upon the pleas in abatement and special exceptions. The Corpus Christi Court stated:

> We think this action was tantamount to sustaining the special exceptions. So dismissal of the cause by the trial court without granting appellant an opportunity to amend constitutes reversible error.

*Cozad v. Roman,* 570 S.W.2d at 562. Further examination of appellees' special exceptions show that none were of such a nature that would authorize the dismissal with prejudice of appellant's cause. Appellees did not show that the exceptions could not be cured by amendment. *See McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

■ The sustaining of a plea in abatement does not authorize or effect a dismissal of the action unless the plaintiff refuses or is unable to remove the impediment. *See Power v. Landram,* 424 S.W.2d 24 (Tex. Civ.App.—Houston [1st Dist.] 1968, no writ) and 3 McDonald, Texas Civil Practice, § 10.13 (1970). When such a plea is sustained, the suit should not be dismissed until the plaintiff has been given a reasonable opportunity to amend, if possible to do so, and thereby remove the obstacle which defeated the suit initially filed. *Bryce v. Corpus Christi Area, etc.,* 569 S.W.2d 496, 499 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ We conclude that the action of the trial court in failing to give appellant an opportunity to amend his pleadings was reversible error.

Although our determination of appellant's first point of error is dispositive of this appeal, it is apparent from the findings included in the trial court's order that the remaining questions will arise on remand.

■ In reference to the second question which relates to Rule 42 it becomes necessary to state briefly the history of Rule 42. Prior to its amendment in 1977, Rule 42 specifically provided for derivative suits. See Tex.R.Civ.P. 42 (1941). Reference to derivative actions was deleted when the rule was amended. The new rule was modeled on the federal class action rule which does not control derivative suits. *Zauber v. Murray Savings Association*, 591 S.W.2d 932 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.); Tex.R.Civ.P. 42, Comment. Derivative actions brought in the right of a corporation are governed solely by article 5.14 of the Texas Business Corporation Act. *Zauber v. Murray Savings Association, supra.* Accordingly, we conclude that appellant's failure to comply with Rule 42 is immaterial to the maintenance of this suit.

■ In reference to the third question which relates to the necessity for submission of evidence at the hearing on the plea in abatement we must consider what a sustaining of a plea in abatement does and what a plea in abatement must contain. Generally speaking, the sustaining of a plea in abatement defeats the pending action but it is a mere postponement of the enforcement of a right alleged in the petition. It does not bar a revival of the action or a future action on the same cause. *Bryce v. Corpus Christi Area, etc.*, 569 S.W.2d at 499. A plea in abatement should not only show the grounds upon which the suit was improperly brought, but should also show how it should have been brought and *should always state facts*, not conclusions of law. (Emphasis added) *State v. Goodnight*, 70 Tex. 682, 688, 11 S.W. 119, 120 (Tex.1888); *Bryce v. Corpus Christi Area, etc.*, 569 S.W.2d at 499. It is our position that these *facts* must be proven by a preponderance of the evidence and the failure to submit any evidence in support thereof would result in a refusal to sustain the plea in abatement. It is clear from the record that the trial court heard no evidence at the hearing on the plea in abatement. Assuming, *arguendo*, that the appellees' plea in abatement was in proper form, we conclude that the trial court erred in sustaining the plea in abatement without first hearing any evidence.

■ Regarding the fourth issue, the appellees excepted in Special Exception Number II to appellant's opening paragraph of his Fourth Amended Original Petition in which appellant purported to bring this law suit in the right of Alice Investment Corporation and specifically denied the authority of appellant to bring this lawsuit in the name of the corporation. Special Exception Number II apparently attempts to deny the right of a shareholder to bring a derivative action under article 5.14, Texas Business Corporation Act. Article 5.14(A)(1) defines a "derivative suit" as a "suit brought in the right of a domestic or foreign corporation." Art. 5.14(B) sets out the prerequisites for bringing a derivative suit which requires that the initial pleading contain allegations that plaintiff is a record or beneficial owner of shares of the corporation and "with *particularity*, the efforts of the plaintiff to have suit brought for the corporation by the Board of Directors, *or the reasons for not making any such efforts*." (Emphasis ours) Our review of Appellant's Fourth Amended Original Petition leads us to the conclusion that his pleadings do point out that he is a record owner of shares of the corporation and that he made no demand on the Board of Directors of the corporation that such a suit be brought. A dispute arises concerning whether appellant had sufficient reasons for failing to make demand, and if so, whether he states those reasons with sufficient particularity. However, Special Exception Number II did not point out with particularity these defects, omissions or other insufficiencies of the allegations. We hold that Special Exception Number II did not comply with the provisions of Rule 91 of the Texas Rules of Civil Procedure. Special Exception Number II is nothing more than a general demurrer which has been abolished in Texas. *See McCamey v. Kinnear*, 484 S.W.2d 150, *supra*. We therefore conclude that the trial court erred in sustaining Special Exception Number II.

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.