Opinion filed May 18, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 18, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00155-CV 

 

                                                    __________

 

                        MOONLIGHT INVESTMENTS, LTD., Appellant

 

                                                             V.

 

                                 FRANCIS
D. JOHN ET AL, Appellees

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                           Trial
Court Cause No. 2004-CV-44728

 



 

                                                                   O
P I N I O N

 








The issue in this appeal is the propriety of the
trial court=s
dismissal of a shareholder=s
derivative action based upon the shareholder=s
failure to make a pre-suit demand. 
Moonlight Investments, Ltd., a shareholder of a Maryland corporation
known as Key Energy Services, Inc., brought this suit on behalf of Key Energy
against various board members, officers, and auditors of the corporation.[1]  Those sued were Francis D. John, Richard J.
Alario, James J. Byerlotzer, Royce W. Mitchell, Kevin P. Collins, W. Phillip
Marcum, Ralph S. Michael III, and KPMG LLP. 
Key Energy was named as a nominal defendant.  Key Energy and two other defendants filed
motions to dismiss.  The trial court
granted the motions and ordered that the case be ADISMISSED
in its entirety without prejudice.@  Moonlight appeals.  We reverse and remand. 

Moonlight presents three issues on appeal.  In the first issue, Moonlight contends that
the trial court erred in finding that Moonlight failed to sufficiently allege
demand futility under Maryland law.  In
the second and third issues, Moonlight argues that the trial court erred by
dismissing the claims without leave to amend and by denying Moonlight=s request for leave to amend its
petition. 

The parties agreed at trial and on appeal that the
substantive law of Maryland applies to this case.  In Maryland, prior to filing suit on behalf of
a corporation, a shareholder is generally required to make a demand upon the
corporation=s board
of directors requesting that the corporation itself bring the suit.  Werbowsky v. Collomb, 766 A.2d 123
(Md. 2001).  Moonlight did not make any
such demand upon Key Energy=s
board.  Maryland law does, however,
provide for an exception to the demand requirement where such a demand would be
futile.  Id. at 142-45.  The demand futility exception is very limited
and may be applied:

[O]nly
when the allegations or evidence clearly demonstrate, in a very particular
manner, either that (1) a demand, or a delay in awaiting a response to a
demand, would cause irreparable harm to the corporation, or (2) a majority of
the directors are so personally and directly conflicted or committed to the
decision in dispute that they cannot reasonably be expected to respond to a
demand in good faith and within the ambit of the business judgment rule. 

 

Id. at 144.  Central
to the issues in this case is whether, under Maryland law, Moonlight
sufficiently alleged demand futility in its pleadings; the merits of the
underlying suit are not before us.  

The record shows that Moonlight=s 45-page First Amended Verified
Shareholder Derivative Petition was the live pleading considered by the trial
court.  In that petition, Moonlight
generally alleged breach of fiduciary duty, abuse of control, and other
violations of law against the individual defendants.  As against KPMG, Moonlight alleged
professional negligence, accounting malpractice, and aiding and abetting breach
of fiduciary duty.








Moonlight specifically alleged that Key Energy was
an onshore, rig-based well servicing contractor with about 1,489 well service
rigs and 2,295 oilfield service vehicles. 
Moonlight alleged that the defendants drafted, ratified, and
disseminated false and misleading information regarding Key Energy=s financial condition and performance
and that they concealed material adverse information.  According to the allegations, Key Energy=s unaudited quarterly and year-end
reports materially overstated its revenues and failed to account for
write-downs and the amortization of goodwill. 
The lack of adequate internal controls caused Key Energy to be unable to
ascertain its true financial condition and resulted in a material inflation of its
financial position.  Key Energy=s accounting irregularities violated
generally accepted accounting procedures. 
Key Energy failed to timely file an audited annual report for 2003 as
required by the SEC.  The 2004 earnings
forecast was also withdrawn.  As a result
of the defendants= actions,
Key Energy=s credit
suffered, its stock value fell, and its status as a publicly traded company on
the New York Stock Exchange was jeopardized. 

Moonlight further alleged that it was excused from
making demand upon Key Energy=s
board of directors, half of whom were named as individual defendants in
Moonlight=s
petition, because they were Ahopelessly
conflicted.@  Moonlight alleged that the four named board
members encouraged, sponsored, approved, and actively participated in the
wrongful acts and omissions complained of in the petition and that the granting
of large stock options to Alario evidenced the board=s
lack of independence.  Moonlight asserted
that demand would be futile because a majority of the directors participated in
the wrongs alleged in the petition, were beneficiaries of the wrongdoing, and
were not disinterested parties. 
Moonlight also asserted that the directors would be forced to sue
themselves and others with whom they have extensive business and personal
entanglements and that such a suit would likely expose the directors to further
violations of securities laws and civil suits.

Moonlight also asserted that KPMG committed
professional negligence and accounting malpractice and failed in its auditing
duties to Key Energy by violating the most fundamental requirements of
generally accepted auditing standards. 
KPMG played a pivotal role in the creation of the false and misleading
documents filed with the SEC.  In its
petition, Moonlight set out specific instances in which KPMG allegedly violated
standard auditing procedures.








Based upon allegations similar to those against
the directors in the present case, the court in Werbowsky held that the
shareholder was not excused from making demand because it had not satisfied the
requirements for the demand futility exception. 
See Werbowsky, 766 A.2d at 144-45.  Likewise, even though Moonlight alleged that
half of Key Energy=s
directors participated in the wrongdoing, Moonlight=s
allegations failed to demonstrate that a majority of the directors were so
personally and directly conflicted or committed to the decision in dispute that
they could not reasonably have been expected to respond to a demand in good
faith and within the ambit of the business judgment rule.  The first issue is overruled.  

Although dismissal would have been the proper
remedy in Maryland, the issue still remains whether dismissal was the proper
remedy in a Texas court applying Maryland substantive law.  This issue is addressed under Moonlight=s second issue.  Moonlight contends that the proper procedure
in Texas should have involved special exceptions and, if meritorious, the
granting of leave to amend the petition. 
The record shows that, in the alternative to their request for
dismissal, Mitchell and Byerlotzer specially excepted to Moonlight=s petition.

Under Texas procedural law, a party is generally
required to file a special exception to challenge a defective pleading.[2]  Tex.
R. Civ. P. 91 provides that a special exception shall point out the
pleading excepted to and, with particularity, the defect or insufficiency in
the allegations of the pleading.  Upon
sustaining a special exception, a trial court must give the pleader an
opportunity to amend his pleadings prior to granting summary judgment or
dismissing the case.  Friesenhahn v.
Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Massey v. Armco Steel Co.,
652 S.W.2d 932, 934 (Tex. 1983); Tex. Dep=t
of Corr. v. Herring, 513 S.W.2d 6, 10 (Tex. 1974).  In Herring, the court stated: 

But only after a party has been given an opportunity to amend
after special exceptions have been sustained may  the case be dismissed for failure to state a
cause of action.

            

 In the
instant case Herring was precluded opportunity to amend his pleadings once the
trial court had granted the motion for summary judgment.  This court believes that the protective
features of special exception procedure should not be circumvented by a motion
for summary judgment on the pleadings where plaintiff=s
pleadings, as here, fail to state a cause of action.  To do so would revive the general demurrer
discarded by Rule 90, Texas Rules of Civil Procedure.  

 

Herring, 513 S.W.2d at 10. 









Texas statutory law specifically provides for
shareholder derivative proceedings in Tex.
Bus. Org. Code Ann. ''
21.551-.563 (Vernon Pamph. 2005)(effective Jan. 1, 2006), formerly Tex. Bus. Corp. Act art. 5.14
(2003).  Pursuant to this statute,
dismissal of a derivative proceeding is the appropriate remedy when the
shareholder fails to file a written demand. 
See Section 21.553 (requiring demand prior to instituting
derivative proceeding); Pace v. Jordan, 999 S.W.2d 615, 621 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied)(stating that Athe
remedy for an inadequate demand is dismissal@).  Texas substantive law, however, is not
applicable to this case because Key Energy is a foreign corporation.  Section 21.562 provides that, where foreign
corporations are involved, Athe
matters covered by this subchapter are governed by the laws of the jurisdiction
of incorporation of the foreign corporation, except for Sections 21.555,
21.560, and 21.561, which are procedural provisions and do not relate to the
internal affairs of the foreign corporation.@[3]


We hold that, although Texas substantive law is
not applicable, Texas procedural law is. 
As a general rule, Texas law governs matters of remedy and procedure in
Texas courts even when another jurisdiction=s
substantive law applies.  California
v. Copus, 309 S.W.2d 227, 230 (Tex. 1958); Creative Thinking Sources,
Inc. v. Creative Thinking, Inc., 74 S.W.3d 504, 510 (Tex. App.CCorpus Christi 2002, no pet.); Intevep,
S.A. Research and Technological Support Establishment v. Sena, 41 S.W.3d
391, 394 (Tex. App.CDallas
2001, no pet.).  Section 21.562=s exclusion of Sections 21.555, 21.560,
and 21,561 B Aprocedural provisions@ that do not relate to the internal
affairs of the foreign corporation B
indicates that the legislature did not intend to except derivative shareholder
proceedings from the general rule that Texas procedural law applies even in
cases where a foreign corporation is involved. 









The record shows that, upon determining that
Moonlight=s
petition was defective, the trial court did not give Moonlight an opportunity
to amend its petition but, instead, promptly dismissed the case.  The appropriate procedure in this case would
have been to sustain the special exceptions based upon the defective pleadings
and to allow Moonlight an opportunity to amend the pleadings.  See Rule 91; see also Herring,
513 S.W.2d at 10; Atkinson v. Reid, 625 S.W.2d 64, 66 (Tex. App.CSan Antonio 1981, no writ).  The defect in the pleadings may have been
curable by amendment.  Thus, the trial
court=s
dismissal of the case prior to giving Moonlight an opportunity to amend its
petition was improper.  See Friesenhahn,
960 S.W.2d at 658; Massey, 652 S.W.2d at 934; Herring, 513 S.W.2d
at 10; Atkinson, 625 S.W.2d at 66. 
Because the trial court failed to apply Texas law with respect to the
procedure to be followed and the remedy available at that point in the proceeding,
we sustain Moonlight=s
second issue.  We also find that the
error is reversible because it caused the rendition of an improper
judgment.  Tex. R. App. P. 44.1; see Atkinson, 625 S.W.2d at
66.  

Pursuant to Tex.
R. App. P. 47.1, we need not address the final issue.  With respect to this issue, however, in which
Moonlight complains of the trial court=s
denial of a request for leave to amend the petition, we note that Moonlight did
not need leave of court to amend its pleadings.  Tex. R. Civ. P.
63.  

The judgment of the trial court is reversed, and
the cause is remanded for further proceedings. 

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

May 18, 2006

Panel
consists of:  Wright, C.J., and

McCall, J., and McCloud, S.J.[4]











[1]Key Energy=s
principal place of business was Midland County, Texas. 





[2]There are exceptions to this general rule.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002)(dismissal of inmate
litigation).  





[3]The three excluded sections are not relevant to this
case; they provide for the stay of proceedings during an investigation, the
discontinuance or settlement of the proceeding with court approval, and the
payment of expenses related to the lawsuit. 





[4]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.