INTEVEP, S.A. RESEARCH AND TECHNOLOGICAL SUPPORT ESTABLISHMENT, Appellant,

v.

Arcangelo SENA, Appellee.

No. 05–99–01973–CV.

Court of Appeals of Texas, Dallas.

March 26, 2001.

Thomas L. Case, Thomas L. Case & Associates, P.C., Dallas, TX, for Appellant.

Michael R. Buchanan, Christine D. Roseveare, Strasburger & Price, L.L.P., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and ROACH.

## OPINION

Opinion By Justice WHITTINGTON.

Intevep, S.A. Research and Technological Support Establishment, a subsidiary of Petróleos de Venezuela, S.A. (Intevep), appeals the trial court's summary judgment in favor of Arcangelo Sena. In three issues, Intevep contends the trial judge erred in granting summary judgment because Intevep's suit for breach of contract was not (i) based on an employment contract, (ii) barred under the four-year statute of limitations applicable in Texas or, alternatively, (iii) barred under the Venezuelan ten-year statute of limitations. For the reasons that follow, we affirm the trial court's judgment.

### BACKGROUND

Sena, a physicist employed by Intevep in Caracas, Venezuela, was chosen by Intevep's department of human resources to participate in the Foreign Assignment Program for Ph.D. Studies at the Massachusetts Institute of Technology (MIT). On April 20, 1989, Intevep and Sena entered into a scholarship agreement, formalized by two documents: "Letter of Agreement Regarding Grant of Employment Scholarships Abroad" and "Letter of Agreement Regarding Foreign Assignment Program for Postgraduate Studies" (collectively, the "Scholarship Agreement").

According to the Scholarship Agreement, Intevep would provide Sena monthly living expenses and pay for registration and enrollment. Additionally, Intevep would provide allowances for books, equipment and education materials, vacations, and graduation expenses. In return, Sena agreed to devote himself "exclusively to

the academic activities of the Selected Training Program" and, after successfully completing the degree program, return to Intevep and remain an employee "for a period of time equal to the time spent on [the] program of studies." If Sena failed to do so, he agreed to repay Intevep "all the allowances, expenditure[s,] and grants" made available to him by Intevep. During the period of studies, Intevep reserved the right to cancel the scholarship and "treat [Sena's] employment as having been terminated" if his academic performance was unsatisfactory or he (i) failed to maintain a stated average for his studies, (ii) abandoned his studies without good reason or was "made subject to a disciplinary measure on the part of the authorities" at the university, (iii) changed his field of study without the company's prior approval, or (iv) fell "within any of the grounds of the Venezuelan employment legislation for legally justified dismissal."

Sena attended MIT from 1987 to 1992, obtained his Ph.D. in geophysics and, in the summer of 1992, returned to Venezuela to work at Intevep. On July 15, 1993, Sena resigned from Intevep and moved to Plano, Texas to work for the Atlantic Richfield Company.

On March 7, 1997, Intevep sued Sena for breach of contract, seeking $291,117.15 in damages. Sena filed a general denial and raised the affirmative defense of limitations. On June 26, 1998, Sena filed a motion for summary judgment, alleging that Intevep's claim was governed by Venezuelan law, and under the applicable statute of limitations, Intevep's claim for breach of an employment contract was barred by the one-year statute of limitations. Intevep responded, claiming the Texas four-year statute of limitations for

breach of contract applied and, therefore, its claim was not barred. Alternatively, Intevep claimed that if Venezuelan law applied, the contract at issue was a personal cause of action, not an employment contract. Because Venezuelan law provides a ten-year statute of limitations for personal causes of action, Intevep argued its suit was not barred. The trial judge agreed with Sena and, on January 13, 2000, signed a final summary judgment in favor of Sena. On February 11, 2000, the trial judge signed the parties' agreed order stipulating to the English translation of relevant portions of Venezuela's Organic Labor Law, Civil Code, and certain case law as summary judgment evidence.[1] This appeal followed.

SUMMARY JUDGMENT STANDARD

The standards for reviewing summary judgment under rule 166a(c) are well established. *Jennings v. Burgess*, 917 S.W.2d 790, 792 (Tex.1996); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682 (Tex.App.—Dallas 2000, no pet.) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985)). The summary judgment motion must expressly present specific grounds for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *Espalin*, 27 S.W.3d at 682. To prevail on summary judgment, the defendant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Int'l Union United Auto. Aerospace & Agric. Implement Workers of Am. Local 119 v. Johnson Controls, Inc.*, 813 S.W.2d 558, 563 (Tex.App.—Dallas

---

1. Although portions of the case documents and Civil Code refer to the statute as the Organic Employment Law, the translation refers to it as the Organic Labor Law. For clarity, we use the translation "Organic Labor Law."

1991, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex. App.—Dallas 1994, writ denied).

### STATUTE OF LIMITATIONS

In three issues, Intevep contends the trial judge erred in granting Sena summary judgment on the ground that its breach of contract claim was barred by the Venezuelan one-year statute of limitations. Intevep first claims that because it filed suit in Collin County, the Texas four-year statute of limitations for breach of contract applies. Alternatively, Intevep argues that if Venezuelan law applies, we should apply the Venezuelan ten-year statute of limitations because its cause of action arose from Sena's breach of a nonemployment-based contract. In contrast, Sena contends the Scholarship Agreement is an employment contract and, because Venezuela's Organic Labor Law controls all rights and obligations involving labor issues, Intevep's cause of action is barred by the one-year statute of limitations provided in Venezuela's Organic Labor Law. After reviewing the summary judgment record, we agree with Sena.

■■■ The statute of limitations is a procedural issue. *Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1, 4 (Tex.

1999); *Hollander v. Capon,* 853 S.W.2d 723, 727 (Tex.App.—Houston [1st Dist.] 1993, writ denied). As a general rule, questions of substantive law are controlled by the laws of the state where the cause of action arose, but matters of remedy and procedure are governed by the laws of the state where the action is sought to be maintained. *California v. Copus,* 158 Tex. 196, 201, 309 S.W.2d 227, 230 (1958). However, when the statute that creates a right of action incorporates an express limitation upon the time within which the suit may be brought, the statute of limitations is considered substantive. *Eurocapital Group, Ltd. v. Goldman Sachs & Co.,* 17 S.W.3d 426, 431 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Culpepper v. Daniel Indus., Inc.,* 500 S.W.2d 958, 959 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *see also Francis v. Herrin Transp. Co.,* 432 S.W.2d 710, 713 (Tex.1968) (holding that Texas statute of limitations does not confer right to recover if, under statute or law of state or country where wrongful act occurred, right to maintain action and recover damages no longer exists because of limitations). Therefore, if a Venezuelan statute created the right of action Intevep asserts in this case and provided a limitations period, Venezuelan law applies. Otherwise, the limitations issue is procedural, and Texas law applies. However, to determine whether the legal right Intevep seeks to enforce in this case is created by statute, we must first determine whether the Scholarship Agreement is an employment contract.

The record in this case includes an agreed translation of a Venezuelan case, *Intevep v. Matheus,* THIRD SUPER. CT. IN CIV., MERCANTILE AND TRAFFIC MATTERS IN THE JUD. DIST. OF THE METRO. AREA OF CARACAS (October 23, 1998). In that case, Intevep sued Matheus, a former Intevep

employee, in the First Court[2] for nonpayment of a "scholarship loan contract," an agreement similar to the one in this case. Matheus spent over five and one-half years devoted to studies, funded by Intevep. Although he returned to work at Intevep, he left after only eighteen months. Intevep sued Matheus for breach of the loan contract and alleged $124,827.86 in damages. Intevep specifically pleaded there was no claim "connected with employment matters or the effects of an employment relationship or contract." Matheus answered and claimed the First Court, which does not have jurisdiction to hear cases "on the subject of employment," did not have jurisdiction over the cause because the subject matter arose from an employment relationship. The First Court agreed with Matheus and refused to hear the case because it dealt with the subject of employment.

Intevep then appealed to the Third Superior Court[3] which confirmed the First Court's decision. In its opinion, the Third Superior Court noted that the agreement between Intevep and Matheus (i) obligated Matheus to provide services to Intevep as an employee, (ii) indicated consequences from nonperformance of such an obligation, and (iii) stipulated a period of time for which Matheus would return to his activities within the company. The judge concluded the suit arose from the "nonperformance of a contract of employment." Because the case arose from the employment relationship, the judge concluded the Employment Courts had exclusive jurisdiction to hear the cause and dismissed the case for want of jurisdiction. In reaching this conclusion, the judge cited Article 10 of the Organic Labor Law which provides: "The provisions of this Law are matters of public policy and of territorial application; they govern Venezuelans and foreigners with respect to work rendered or agreed in the country and will in no case be able to be waived or relaxed by private agreements." ORGANIC LABOR LAW ART. 10 (Venez.).

■ Like the "scholarship loan contract" in the *Matheus* case, the Scholarship Agreement in this case (i) obligates Sena to provide services to Intevep as an employee, (ii) indicates consequences in the event Sena does not perform said services, and (iii) stipulates a period of time for which Sena would be required to render his professional services to Intevep. Therefore, we conclude that under Venezuelan law, Intevep's suit against Sena arises from the nonperformance of an employment contract.

■ Having determined the Scholarship Agreement is an employment contract, we must now address whether the right Intevep is seeking to enforce is derived from statute. Article 1629 of the Venezuela Civil Code provides that the "rights and obligations of employers and workers, with respect to work, will be governed by the special employment legislation." CIV.CODE ART. 1629 (Venez.). The Organic Labor Law governs "the legal relations and situations arising from labor issues as a social activity." ORGANIC LABOR LAW ART. 1 (Venez.). The Organic Labor Law mandates that, in the event of a conflict, its laws and rules take precedence, and if "there are doubts as to the application of various rules that are in force, or in the construction of a specific rule, that which is more favorable to the worker will be adopted." ORGANIC LABOR LAW ART. 59 (Venez.). The

---

**2.** The First Court of First Instance in Civil, Mercantile and Traffic Matters of the Judicial District of the Metropolitan Area of Caracas.

**3.** The Third Superior Court in Civil, Mercantile and Traffic Matters of the Judicial District of the Metropolitan Area of Caracas.

code also provides that "[a]ll obligations arising from the employment relationship will become legally unenforceable one (1) year from the date on which the services ceased to be rendered." ORGANIC LABOR LAW ART. 61 (Venez.). Because this law provides the legal authority for bringing and hearing cases arising from labor issues and employment relationships, we conclude the right Intevep seeks to enforce is derived from a Venezuelan statute. Further, because the Organic Labor Law incorporates an express limitation upon the time within which the suit to enforce such a right may be brought, the statute of limitations in this case is substantive, and Venezuelan law applies. *See Eurocapital Group, Ltd.,* 17 S.W.3d at 431; *Francis,* 432 S.W.2d at 713.

The summary judgment record shows Sena left Intevep on July 15, 1993, and Intevep filed suit against Sena on March 7, 1997. As noted previously, the Organic Labor Law provides for a one-year statute of limitations. Because Intevep filed suit more than one year after Sena's "services ceased to be rendered," we conclude Intevep's cause of action is barred by limitations.

In reaching this conclusion, we reject Intevep's argument that Sena failed to specifically plead this ground in his motion for summary judgment. Sena's motion for summary judgment stated:

### GROUNDS FOR SUMMARY JUDGMENT

Sena is entitled to summary judgment because, under Venezuelan law, suits involving employment contracts are subject to a one (1) year statute of limitations. Sena breached his contract with [Intevep], if at all, on July 15, 1993. Since [Intevep] failed to bring this action on or before July 15, 1994, Sena is entitled to Summary Judgment.

This sufficiently pleaded the statute of limitations as a ground for summary judgment. Sena was not required to specifically plead every theory on which he based his ground. Accordingly, we overrule Intevep's three issues.

We affirm the trial court's judgment.