Petition for Writ of Mandamus Conditionally Granted and Opinion filed
January 29, 2008








 

Petition
for Writ of Mandamus Conditionally Granted and Opinion filed January 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00460-CV

____________

 

IN RE CROWN CASTLE INTERNATIONAL CORP., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

In this
original proceeding, relator, Crown Castle International Corp.,
seeks a writ of mandamus ordering the respondent, the Honorable Reece Rondon,
presiding judge of the 234th District Court, Harris County, to vacate its May
8, 2006 order to the extent that it denies Crown Castle=s motion for protective order and
fails to stay discovery pending real parties= in interest, Edward Britt, Dwight
Jones, Dina Michelle, Kent Szabo, and Kritsy Lynch (the Ashareholders@), having sufficiently pleaded that
presuit demand on the corporation is excused.  We conditionally grant the
writ.  








                                                                   Background

In the
underlying shareholder derivative suit, the shareholders seek to stand in the
shoes of Crown Castle and assert claims on its behalf.  Crown Castle, a
Delaware corporation with its principal corporate office in Houston, owns,
operates, and leases towers for wireless communications in the United States,
Puerto Rico, and Australia.  The shareholders allege that certain Crown Castle
officers and directors breached their fiduciary duties by backdating stock options
grants, between 1998 and 2001, to coincide with low closing prices of Crown
Castle=s common stock without disclosing
such practice to the public.[1]  The
shareholders seek damages allegedly suffered by, and owed to, Crown Castle.[2]


On March
5, 2007, Crown Castle filed special exceptions to the shareholders= consolidated petition.  Crown Castle
(1) pointed out that the shareholders did not make demand on its board of
directors, and (2) asserted that the shareholders did not allege particularized
facts in their petition demonstrating that at the time their lawsuit was filed,
a majority of directors could not impartially evaluate the shareholders= claims and decide upon the best
course of action for the corporation.[3] 








The
shareholders served discovery on Crown Castle, which objected on the basis that
such discovery (1) is premature and improper at least until the shareholders
establish they are excused from making a litigation demand on the board; (2) is
not relevant, and is unduly burdensome and vague; (3) is available to the
shareholders through other means; and (4) seeks documents that are privileged
or outside the possession and control of the company. 

On April
4, 2007, Crown Castle filed a motion for protective order, asserting that until
the trial court resolves whether the shareholders have standing to prosecute
the derivative suit, any discovery is improper and premature.[4] 
On April 18, 2007, the shareholders moved to compel discovery, arguing that the
filing of special exceptions will not toll or abate discovery, and suggesting
that Asome of the particular discovery
produced will shed light on the very issue complained of@ in Crown Castle=s special exceptions.  

On April
24, 2007, the trial court held a hearing on the special exceptions and the
discovery issue.  By orders dated May 8, and May 29, 2007, the trial court
granted Crown Castle=s special exceptions and ordered the shareholders to replead
their demand futility allegations with more particularity within 30 days after
the discovery date.  The trial court also overruled Crown Castle=s objection that it was not obligated
to respond to discovery until the shareholders had adequately pleaded demand
futility, and ordered Crown Castle to produce the discovery by June 1, 2007.[5] 
The trial court further ordered that if Crown Castle filed a petition for writ
of mandamus by the June 1 deadline, the order would automatically be stayed and
abated pending the mandamus proceedings.  

                                                            Standard
of Review








In order
to obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion as to which the relator has no adequate remedy by
appeal.  In re Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007)
(orig. proceeding).  The trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  

                                           Demand
Futility Under Delaware Law

Because
Crown Castle was incorporated in Delaware, the parties do not dispute that
Delaware substantive law applies in this case.  Delaware law limits a
shareholder=s right to prosecute a derivative suit in cases where (1) the shareholder
has demanded that the directors pursue the corporation=s claim, but the directors have
wrongfully refused to do so, or (2) demand is excused because the directors are
incapable of making an impartial decision regarding such litigation.  Rales
v. Blasband, 634 A.2d 927, 932 (Del. 1993).  Specifically, presuit demand
is excused if the derivative complaint pleads particularized facts creating a
reasonable doubt that (1) the directors are disinterested and independent, or
(2) the challenged transaction was the product of a valid exercise of business
judgment.  Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984), overruled
on other grounds by Brehm v. Eisner, 746 A.2d 244 (Del. 2000).  If either
of the two prongs is satisfied, demand is excused.  In re J.P. Morgan Chase
& Co. S=holder Litig., 906 A.2d 808, 820 (Del. Ch. 2005), aff=d, 906 A.2d 766 (Del. 2006).  

                                                            Abuse
of Discretion








Crown
Castle asserts that the trial court abused its discretion in ordering discovery
because the shareholders have not pleaded, under Delaware law, particularized
facts showing that presuit demand on the board would have been futile.  The
shareholders, on the other hand, maintain that Texas law governs discovery
because (1) discovery is a matter of procedure falling within the Texas Rules
of Civil Procedure,[6] and (2) the
law of the forum always governs procedural issues, regardless of what state=s law governs the substantive issues.[7]  


Section
21.562 of the Texas Business Organizations Code[8]
is a  recodification of Article 5.14(K) of the Texas Business Corporations Act.[9] 
The texts of these two statutes are essentially identical and the result in our
case is the same regardless of which statue is applied.[10] 
With an inapplicable exception, the Business Organizations Code does not apply
to existing domestic or foreign corporations until January 1, 2010.  See Act of
May 29, 2003, 78th Leg.  R.S., ch. 182, ' 1, 2003 Tex. Gen. Laws 592.  A
corporation may elect early adoption.  See id.  There is no evidence in the
record that Crown Castle has elected early adoption.  Therefore, we analyze the
present issue under the common language of Article 5.14(K) of the Texas
Business Corporations Act and Section 21.562 of the Texas Business
Organizations Code.  








In
support of their position, the shareholders contend Section 21.562 of the
Business Organizations Code, which provides that the law of the state of
incorporation governs the derivative proceeding, controls only substantive
matters, and specifically excludes Aprocedural issues not relating to the
internal affairs of the foreign corporation.@  Tex. Bus.  Org. Code Ann. ' 21.562.[11] 
Id.  Section 21.562 goes on to identify the three precise Aprocedural issues not relating to the
internal affairs of the foreign corporation@ that it contemplates.  None of the
specified procedural matters has any bearing on this dispute.  Id.[12] 









The
shareholders further rely on Moonlight Investments, Ltd. v. John as dispositive
of this of this proceeding.  192 S.W.3d 890 (Tex. App.CEastland 2006, pet. denied).  The
shareholders= reliance on that case is misplaced, however.  Moonlight Investments
involved a derivative action to which Maryland substantive law applied.  Id.
at 891.  Under Maryland law (as here), the shareholder is required to make a
presuit demand on the corporation=s board of directors or plead that
such demand would be futile.  Id. at 891B92 (citing Werbowsky v. Collomb,
362 Md. 581, 766 A.2d 123 (2001)).  The trial court dismissed the case for
failure to plead sufficiently demand futility prior to giving the plaintiff an
opportunity to amend its petition.  Id. at 891.  The court of appeals
held that although a dismissal would have been the proper remedy under
Maryland law, the appropriate procedure under Texas law would have been
to sustain special exceptions based on the defective pleadings and allow the
plaintiff the opportunity to replead.  Id. at 893B94.[13] 
Here, Crown Castle argued to the trial court that the proper procedure would be
to allow the shareholders to replead demand futility, and the trial court,
indeed, ordered the shareholders to replead, albeit within 30 days after the
discovery date.  Moonlight Investments, therefore, is not relevant
because the failure to provide the shareholders the opportunity to replead is
not at issue here.  








Delaware
courts hold the heightened pleading requirement for derivative suits is
substantive, not simply a technical rule of pleading.  Haber v. Bell,
465 A.2d 353, 357 (Del. Ch. 1983); see also Kamen v. Kemper Fin. Servs.,
Inc., 500 U.S. 90, 96 (1991) (AIn our view, the function of the
demand doctrine in delimiting the respective powers of the individual
shareholder and of the directors to control corporate litigation clearly is a
matter of >substance,= not >procedure.=@) (emphasis added).  Moreover, under
this substantive rule, Aderivative plaintiffs are not entitled to discovery in order
to demonstrate demand futility.@  Beam v. Stewart, 845 A.2d 1040, 1056 (Del. 2004); see
also Stotland v. GAF Corp., Civ. A. No. 6876, 1983 WL 21371, at *3 (Del.
Ch. Sept. 1, 1983) (AThe Plaintiffs are not entitled to take discovery in order to
prove allegations of futility.@).  In light of well-settled Delaware law, the shareholders
may not seek discovery from Crown Castle for the purpose of satisfying Delaware=s heightened pleading requirement in
derivative proceedings.[14]  Therefore,
we conclude the trial court abused its discretion in ordering Crown Castle to
respond to discovery before the shareholders have met Delaware=s heightened pleading requirement for
demand futility. 

                                                 No
Adequate Remedy by Appeal








Crown
Castle also asserts it has no adequate remedy by appeal.  To determine if a
party has an adequate remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  The shareholders argue that Crown Castle
has an adequate remedy by appeal because it (1) can set its remaining
objections for a hearing and possibly convince the trial court to sustain one
or more of its objections, obviating the need to respond to the document
requests; and (2) eventually appeal the trial court=s discovery ruling and be in no worse
position than any other litigant in Texas whose discovery objections are
overruled and must turn over documents in the context of litigation.  

The
derivative shareholder suit is an action in which the individual shareholder
steps into the shoes of the corporation and usurps the board of directors= authority to decide whether to
pursue the corporation=s claims.[15]  Therefore,
the purpose of the demand futility and heightened pleading requirements is to
distinguish between strike suits motivated by the expectation of creating
settlement leverage through the likelihood of expensive and time-consuming
litigation discovery and suits demonstrating that the board cannot be expected
to objectively pursue a reasonable possibility of director malfeasance on
behalf of the corporation.  White v. Panic, 793 A.2d 356, 364 (Del. Ch.
2000), aff=d, 783 A.2d 543 (Del. 2001).  








The
shareholders cannot use discovery to satisfy the threshold requirement that
they plead particularized facts showing that demand on the board would be
futile.  See Beam, 845 A.2d at 1056.  Once Crown Castle has responded to
the shareholders= request for production, in the absence of sufficient
pleading, it will have lost its right to avoid the burden and expense of
providing the discovery.  An appellate remedy is inadequate when the relator
stands to lose its substantial rights.  Perry v. Del Rio, 66 S.W.3d 239,
257 (Tex. 2001).  We hold that Crown Castle does not have an adequate remedy by
appeal. 

                                                                    Conclusion

We
therefore conditionally grant Crown Castle=s petition for a writ of mandamus and
direct the trial court to vacate its May 8, 2007 order to the extent that it
denies Crown Castle=s motion for protective order and fails to stay all discovery
pending the shareholders= having pleaded adequately that demand on the board of
directors is excused.  The writ will issue only if the trial court fails to act
in accordance with this opinion.

 

 

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

 

Petition Conditionally Granted and
Opinion filed January 29, 2008.

Panel consists of Chief Justice
Hedges and Justices Guzman and Boyce.









[1]  The
individual defendants are Peter G. Abery, Wesley D. Cunningham, Carol
Ferenbach, Ari Q. Fitzgerald, Robert E. Giles, Charles C. Green, III, Randall
A. Hack, Dale N. Hatfield, E. Blake Hawk, Lee W. Hogan, Kelly (Cole) Hunter,
Edward C. Hutcheson, Jr., David L. Ivy, John P. Kelly, J. Landis Martin, Robert
F. McKenzie, Ted B. Miller, Jr., W. Benjamin Moreland, Alan Reese, and Edward
W. Wallander.





[2]  Five
derivative shareholder lawsuits were filed, making the same allegations.  Those
petitions were consolidated into a single matter, and the shareholders filed a
consolidated derivative petition on February 2, 2007.  





[3]  The
individual defendants joined in Crown Castle=s
special exceptions.  





[4]  The
individual defendants joined in Crown Castle=s
motion for protective order.  





[5]  The trial
court=s orders
specifically did not address Crown Castle=s
other objections, but, instead, stated that Crown Castle could set its other
objections for a hearing subject to the automatic stay.  





[6]  See In re
CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (per curiam) (orig. proceeding)
(stating that Texas procedural rules define the scope of discovery). 





[7]  See
PennWell Corp. v. Ken Assocs., Inc., 123 S.W.3d 756, 763 (Tex. App.CHouston [14th Dist.] 2003,
pet. denied) (stating that procedural matters are governed by the law of the forum);
In re Wells Fargo Bank Minn., N.A., 115 S.W.3d 600, 605 n. 7 (Tex. App.CHouston [14th Dist.] 2003)
(orig. proceeding) (stating that even when the parties contractually choose the
law of a state other than the forum state, matters of remedy and procedure are
governed by the law of the forum state).





[8]  Tex. Bus.
Org. Code Ann. '
21.561 (Vernon Supp. 2006).





[9]  Tex. Bus.
Corp. Act Ann. art. 5.14(K) (Vernon 2003).





[10]  Because
section 21.562 and article 5.14(K) are substantively the same and our analysis
and disposition do not differ under each, we need not decide which statute
applies.  Cf. Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 419 (Tex.
1984) (stating that, before undertaking choice of law analysis, the court must
first determine whether there is a difference between the relevant laws); St.
Paul Surplus Lines Ins. Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 n.2 (Tex.
App.CHouston [1st
Dist.] 2000, no pet.) (stating that in absence of a true conflict, we do not
undertake a choice of law analysis).  





[11] 
The Texas Business Corporations Act provides: 

 

K. 
In derivative proceeding brought in the right of a foreign corporation, the
matters covered by this Article are governed by the laws of the jurisdiction of
incorporation of the foreign corporation, except for Sections D, I, and J of
this Article, which are procedural and not matters relating to the internal
affairs of the foreign corporation.

 

Tex. Bus. Corp. Act Ann. art.
5.14(K).  

 

The Texas
Business Organizations Code similarly provides;

 

(a)
In a derivative proceeding brought in the right of a foreign corporation, the
matters covered by this subchapter are governed by the laws of the jurisdiction
of incorporation of the foreign corporation, except for Sections 21.555,
21.560, and 21.561, which are procedural provisions and do not relate to the
internal affairs of the foreign corporation.

 

Tex. Bus.
Org. Code ' 21.562(a).





[12]  Section
21.562 excludes procedural matters under sections 21.555, 21.560, and 21.561.  See
Tex Bus. Org. Code Ann. '
21.555 (providing for the stay of a derivative proceeding if the corporation
that is the subject of such proceeding commences an inquiry into the
allegations made in a demand or petition); Id. ' 21.560 (providing for the discontinuance or
settlement of derivative proceeding); Id. '
21.561 (providing for the payment of expenses by order of the trial court upon
termination of the derivative proceeding).  Article 5.14(K) likewise excludes
procedural matters under sections D, I, and J of Article 5.14.  See Tex.
Bus. Corp. Act Ann. art. 5.14(D) (providing for the stay of a derivative
proceeding if the corporation that is the subject of such proceeding commences
an inquiry into the allegations made in a demand or petition); Id. art.
5.14(I) (providing for the discontinuance or settlement of derivative
proceeding); Id. art. 5.14(J) (providing for the payment of expenses by
order of the trial court upon termination of the derivative proceeding).  





[13]  Special
exceptions may be used to challenge the sufficiency of a pleading.  Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998).  Under Texas law, a trial court
may not dismiss a case after sustaining special exceptions without first giving
the nonexcepting party an opportunity to amend its pleadings.  Ford v.
Performance Aircraft Servs., Inc., 178 S.W.3d 330, 336 (Tex. App.CFort Worth 2005, pet.
denied).  





[14] 
Shareholders of Delaware corporations enjoy a qualified right to inspect the
corporation=s books
and records.  Saito v. McKesson HBOC, Inc., 806 A.2d 113, 116 (Del. 2002);
see also 8 Del C. '
220 (providing requirements for shareholder to inspect corporation=s books and records).  A
shareholder has the right to inspect the corporation=s books and records if he has met certain
formal requirements and the inspection is for a proper purpose.  Kaufman v.
CA, Inc., 905 A.2d 749, 753 (Del. Ch. 2006).  Such inspection, when sought
for evaluating a possible derivative suit, is limited to books and records
required to prepare a well-pleaded complaint.  Id.  The shareholders
concede that they can make a books and records inspection in Delaware and
review documents to use in support of their demand futility allegations, but
argue this undercuts Crown Castle=s
contention that using discovery in pleading particularized facts is contrary to
Delaware law.  However, the Delaware Supreme Court has foreclosed this
argument, explaining that the general unavailability of discovery to assist the
shareholder in sufficiently pleading demand futility Adoes not leave plaintiffs without a means of
gathering information, however. . . .  this Court . . . [has] continually
advised plaintiffs who seek to plead facts establishing demand futility that
the plaintiffs might successfully have used a Section 220 books and records
inspection to uncover such facts.@ 
Beam, 845 A.2d at 1056.  





[15]  See
8 Del. C. ' 141(a)
(providing that the directors are granted the authority to manage the business
of the corporation; Braddock v. Zimmerman, 906 A.2d 776, 784 (Del. 2006)
(stating the demand requirement is a substantive right designed to give the
corporation the opportunity to rectify an alleged wrong without litigation and
control any litigation that arises); Pogostin v. Rice, 480 A.2d 619, 624
(Del. 1984), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244
(Del. 2000) (A[T]he
derivative action impinges on the managerial freedom of directors.@); Aronson, 473 A.2d
at 812 (A[T]he demand
requirement is a recognition of the fundamental precept that directors manage
the business and affairs of the corporation.@).